## SOUTHWESTERN GRAPHITE CO. v. BURNET NAT. BANK. (No. 6584.)

(Court of Civil Appeals of Texas. Austin. April 18, 1923.)

1. **Contracts �köm350(1)—Introduction of contract agreeing to pay third party held proof contract was executed for benefit of third party.**

The introduction in evidence of a written contract showing that one of the parties thereto agreed to pay off a certain indebtedness then existing, as evidenced by a promissory note payable to a third party mentioned, a stranger to the contract, is sufficient proof that it was executed for the benefit of the third party.

2. **Contracts ⊛187(1) — Contract between two parties for benefit of third party enforceable by third party.**

A contract between two parties for the benefit of a third is enforceable by the third party, even though no consideration passed from him to the promisor.

3. **Contracts ⊛88—Contract imports consideration.**

In the absence of a proper attack upon a written contract for want of consideration, its execution imports a consideration, under Rev. St. 1911, art. 7093.

4. **Common law ⊛12—Statute continuing "common law" is general one.**

Rev. St. 1911, art. 5492, continuing the common law of England, so far as not inconsistent with Constitution and laws of the state, is a general one, and does not refer to any specific matter as being the common law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Common Law.]

Appeal from District Court, Burnet County; J. H. McLean, Judge.

Action by the Burnet National Bank against the Southwestern Graphite Company. Judgment for plaintiff, and defendant appeals. Affirmed.

J. L. Peeler, of Austin, for appellant.

Hammond & Hammond, of Burnet, and White, Wilcox, Graves & Taylor, of Austin, for appellee.

BLAIR, J. Appellee, Burnet National Bank, a private banking corporation, sued appellant, Southwestern Graphite Company, a foreign corporation, on a note and contract, and from an adverse judgment appellant, in due form, presents its case for our review.

On May 27, 1921, appellee instituted this suit, and by amended petition filed May 31, 1921, sought to recover on a note for $2,500, made June 1, 1916, by the Texas Graphite Company, payable one year after date to the order of P. B. McCabe, bearing interest at 6 per cent., and providing the usual attor-

---

ney's fee. Appellee alleged the note was indorsed and delivered to it for a valuable consideration before maturity; that after such execution and delivery the note was placed in the hands of a receiver, in the district court of the United States, for the Western district of Texas, at Austin; that on July 25, 1918, said receiver paid $126.25 on said note, leaving a balance of $2,373.75; that after said payment appellant acquired the property theretofore owned by the Texas Graphite Company through receiver's sale; that on October 26, 1918, appellant entered into a written contract for the benefit of appellee with Chris Dorbant, who was a stockholder and director in appellee bank, whereby, for a valuable consideration, appellant agreed to pay appellee the principal of said note on December 17, 1918, after deducting the credit mentioned, which contract was attached and made a part of the petition. The contract contained several provisions as between Chris Dorbant and appellant relative to quieting title to certain lands formerly owned by the Texas-Graphite Company, and was a transfer of Dorbant's stock to appellant in said company, also providing for dismissal of several lawsuits then pending between the contracting parties, and the sixth paragraph thereof, which relates to the litigation in this case, required appellant to pay off and discharge the balance of the principal due on the note sued upon on December 17, 1918.

Appellant answered by general and special exception and general denial, which were overruled by the court, and, the case being tried before the court without a jury, a judgment was rendered for appellee for the sum of $2,373.75, with 6 per cent. interest and costs. Appellant's motion for new trial was overruled, to which it excepted and gave notice of appeal.

The proof shows that on the 1st day of June, 1916, the Texas Graphite Company executed its note to the order of one P. B. McCabe, for the sum of $2,500, due one year from date, with 6 per cent. interest. Before maturity, and for a valuable consideration, McCabe indorsed and transferred the same to appellee. The maker, the Texas Graphite Company, went into the hands of a receiver, who thereafter paid $126.25 upon the note; later appellant, Southwestern Graphite Company, acquired all the property of the Texas Graphite Company through a receiver's sale. On October 26, 1918, Chris Dorbant and appellant entered into a written contract, whereby the title to the property of the Texas Graphite Company was quieted in appellant, and certain suits between the contracting parties were dismissed, and other valuable rights and transfers of personal properties were provided in the contract, but are not necessary to set forth for a decision of this case. In addition to the above matters, the contract stipulated in paragraph 6 thereof that:

"It is also agreed and understood between the parties and the said Southwestern Graphite Company agrees and obligates itself to pay off and discharge the balance due on the principal of a certain note for $2,500.00 executed by the Texas Graphite Company, and payable to P. B. McCabe, and by said McCabe sold to the Burnet National Bank, at Burnet, Texas, the said sum of $2,500.00 after deducting the amount received from the receiver on said note, is to be paid on December 17, 1918."

Chris Dorbant was a stockholder and director in appellee Burnet National Bank. The stipulation above set forth in the contract was made for the benefit of said appellee bank.

[1] Appellant presents its case upon three propositions of law for our determination. Appellant's first proposition is as follows:

"For a stranger to recover on a contract in which one of the parties agrees to pay him a certain amount, it is necessary for him to show that the contract was made for his benefit."

Appellee alleged in its petition that appellant entered into the contract with Chris Dorbant for its benefit. The contract was introduced in evidence by appellee. By its very terms, it shows that it was executed for the benefit of appellee, and its introduction in evidence was sufficient proof thereof. The introduction in evidence of a written contract whereby it is shown that one of the parties thereto agreed to pay off a certain indebtedness then existing, as evidenced by a promissory note payable to the third party mentioned, a stranger to the contract, is sufficient proof that it was executed for the benefit of the party mentioned therein. Appellant's first assignment is not sustained. Mack Mfg. Co. v. Mass. Bonding & Ins. Co., 103 S. C. 55, 87 S. E. 439.

[2] Appellant's second proposition is as follows:

"A stranger to a contract in which one of the parties promises to do something for his benefit, there being no consideration from such stranger and and no duty or obligation to him on the part of the promisee, cannot sue on the contract."

Appellant admits that the authorities in Texas hold contrary to his view upon this proposition, but seeks to attack the soundness of the principle announced in those decisions by our Supreme Court. By the terms of the contract between Dorbant and appellant, appellant clearly obligated itself to pay the note herein sued upon on December 17, 1918. It is a well-settled rule in Texas that a contract entered into between two parties for the benefit of a third party may be enforced by the third party, even though no consideration passed from him to the promis-

or. This rule has been announced by our Supreme Court in numerous cases.

[3] If appellant's contention were correct that a consideration for this contract between Dorbant and appellant ought to be shown, then appellee has met the burden by introducing the contract itself in question, since article 7093 of the Revised Statutes of 1911 provides that written contracts import a consideration. No defense was made in this case that the contract in question was without consideration, and in absence of a proper attack upon the written contract for want of consideration, its execution imports such. We, therefore, do not sustain appellant's assignment. Allen v. Traylor (Tex. Civ. App.) 174 S. W. 923; Allen v. Traylor (Tex. Com. App.) 212 S. W. 945; Whitehead v. Burgess, 61 N. J. Law, 75, 38 Atl. 802; Joslin v. Car-Spring Co., 36 N. J. Law, 141; Smith v. Pfluger, 126 Wis. 253, 105 N. W. 476, 2 L. R. A. (N. S.) 783, 110 Am. St. Rep. 911; Tweeddale v. Tweeddale, 116 Wis. 517, 93 N. W. 440, 61 L. R. A. 609, 96 Am. St. Rep. 1003; R. S. 1911, art. 7093; Newton v. Newton, 77 Tex. 508, 14 S. W. 157.

In this connection appellee contends that the proof shows that Chris Dorbant was a director and stockholder in the bank at the time of the execution of this contract, and the contract by its very terms showed that it was executed for the benefit of appellee, and various valuable rights between appellant and Chris Dorbant were disposed of by said contract, that this was sufficient as a matter of proof that the contract was based upon a sufficient consideration, and that it inured to the benefit of the appellee. We are of the opinion that, if this were necessary, it is sufficient proof to sustain the judgment of the court, there being no denial of the facts set forth.

[4] Appellant's third proposition is as follows:

"When a promise is made by one person to another for the benefit of a stranger, the latter cannot maintain suit on such promise under the rules of the common law in Texas."

In this assignment, appellant contends that the Supreme Court, in passing upon this question adversely to its contention, failed to take into consideration article 5492 of the Revised Statutes of Texas.

Appellant contends that the common law of England prohibits the bringing of a suit by a third party, a stranger thereto, for whose benefit a contract was executed by such third party. We are of the opinion that the Supreme Court has taken into consideration the common law in arriving at its decision in these cases. The above statute is a general one, and does not refer in any way to any specific matter, but merely provides that:

"The common law of England, so far as it is not inconsistent with the Constitution and laws of this state, shall, together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the Legislature."

The common law is rather an intangible something as viewed by our courts; that is, they hold that it is the declaration of the courts of the different states of the United States, regardless of whether it be in conflict with what has generally been adopted as the common law of England. Our Supreme Court has in such cases adopted the rule to choose which line of conflicting cases it thinks to be the law, and has in this case adopted that line of authorities which sanction the procedure herein. Allen v. Traylor, supra; Grigsby v. Reid, 105 Tex. 600, 153 S. W. 1124, L. R. A. 1915E, 1, Ann. Cas. 1915C, 1011.

We are of the opinion that there is no error in the judgment, and it is affirmed.

Affirmed.