NORVELL–WILDER HARDWARE CO. v. McCAMEY et al.  (No. 245.) *

(Court of Civil Appeals of Texas. Eastland. Dec. 3, 1926. Rehearing Denied Jan. 28, 1927.)

1. Sales ⟨key⟩441(3)—Evidence held sufficient to sustain finding of breach of implied warranty of drilling line sold for drilling wells.

In action on account, where cross-action was interposed, for breach of implied warranty on sale of drilling line, evidence *held* sufficient to sustain finding of breach of implied warranty, where wire was brittle and broke on being used in drilling well.

2. Common law ⟨key⟩12—"Common law" of Texas is that which is declared by courts of several states.

Common law enforced in Texas is common law declared by courts of several states, and not common law enforced in England in 1840.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Common Law.]

3. Sales ⟨key⟩273(1) — Company selling drilling supplies impliedly warranted soundness and suitability of drilling line sold to well drillers.

Where drilling line was purchased from company selling supplies used in drilling operations, warranty of soundness and suitability of line for drilling wells was implied.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 30, 1927.

**4. Sales ⬅441(4)—Evidence held to warrant verdict for $625 for breach of implied warranty of drilling line costing $777.60.**

.Verdict of $625 *held* not excessive under evidence for breach of warranty of drilling line costing $777.60, where line could be used for drilling only to distance approximately one-fifth its length on account of brittleness which caused it to break.

Error from District Court, Eastland County; Elzo Been, Judge.

Action by the Norvell-Wilder Hardware Company against James McCamey and another, in which defendants interposed a cross-action. Judgment for defendants on their cross-action, and plaintiff brings error. Affirmed.

Patterson & Grantham, of Cisco, for plaintiff in error.

Jas. H. Kelley, of Rising Star, for defendants in error.

PANNILL, C. J. The parties will be designated as in the trial court, wherein the plaintiff in error was plaintiff and the defendants in error were defendants.

The suit was upon a verified account, which was denied under oath, and a cross-action urged by defendants for damages in the sum of $625 for the breach of an implied warranty in the sale by the plaintiff to the defendants of a certain wire drilling line.

[1] The only questions presented relate to the correctness of the judgment in favor of the defendants on their cross-action in the sum of $625. The plaintiff was engaged in the business of selling supplies used in drilling operations, and the defendants were engaged in drilling wells. The defendants ordered from the plaintiff a drilling line, specifying no particular make, and the plaintiff sold them an American wire line, 4,500 feet in length, and charged the defendants $777.-60 therefor. The defendants' evidence shows that the line when put in use was brittle and would break, and was put in use when the well was at a depth of 1,100 feet, and, at the depth of 1,900 feet, because of the breakage of said line, the same became too short for further use; that an ordinary line would continue in use until it would have drilled the full length of the line. It was further shown that the plaintiff knew the purpose for which the defendants ordered the line, that the defect in the line was not discoverable from inspection, and no question is made as to any want of care of defendants.

The cross-action was submitted on special issues, and in answer to these the jury found that no particular make of line was ordered, and that the one sold was of the actual value of $162.50. The trial court held that, under the findings noted, the defendants were entitled to recover on their cross-action on the ground that there was an implied warranty and that the verdict as to the value of the line was sustained by the evidence. Both rulings of the trial court are challenged by this appeal.

[2, 3] It is forcibly urged that the common-law rule applies with reference to whether an implied warranty arises upon a sale from a dealer, and that the rule of caveat emptor is applicable in such cases. It is true that under the common law of England, as it existed in 1840, in a sale from a dealer or merchant to his customer that the rule designated by the term "caveat emptor" was applied, and that no warranty was implied as to soundness, fitness, or suitability. However, in this state the common law which is in force is the common law declared by the courts of the several states and not the common law enforced in England in 1840. Grigsby v. Reib, 105 Tex. 597, 153 S. W. 1124, L. R. A. 1915E, 1, Ann. Cas. 1915C, 1011; Great Southern Life Insurance Co. v. City of Austin, 112 Tex. 1, 243 S. W. 778; Southwestern Graphite Co. v. Burnet National Bank (Tex. Civ. App.) 255 S. W. 676.

Under the decisions of a majority of the states of the Union, as well as the decisions in Texas, a number of exceptions have been ingrafted upon the old rule referred to above, and the general rule, that in a sale of goods, although for a fair price, there is no implied warranty of quality or soundness, the law presuming that a buyer who fails to exact an express warranty relies on his own judgment, and the rule of caveat emptor therefore applied, has been modified by a number of exceptions, and among these is one that, where goods are purchased for a particular purpose known to the seller at the time of the sale, a warranty of soundness and suitability will be implied. 35 Cyc. pp. 397–399; R. C. L. vol. 24, p. 188; Williston on Contracts, vol. 2, § 983. Those interested in this development of the law will find the question there ably discussed, correctly stated, and the authorities voluminously cited.·

In Texas, the question seems to be settled in favor of the exceptions noted above. Buffalo Pitts Co. v. Alderdice (Tex. Civ. App.) 177 S. W. 1044; Cameron Steam Pump Works v. Lubbock Light & Ice Co. (Tex. Civ. App.) 167 S. W, 256; Houk v. Berg (Tex. Civ. App.) 105 S. W. 1176; Houston Cotton Oil Co. v. Trammell (Tex. Civ. App.) 72 S. W. 244; Jones v. George, 61 Tex. 345, 48 A. Rep. 280. In Houston Cotton Oil Co. v. Trammell, 96 Tex. 598, 74 S. W. 899. the Supreme Court expressly approves the charge submitting the case to the jury. The instructions thus commended are set out in full in the opinion of the Court of Civil Appeals (72 S. W. 244), and plainly allow a recovery on an implied warranty.

An examination of the authorities cited above illustrates the often overlooked fact

that the law is a progressive science, and that its rules governing the conduct of persons in their dealings with each other accommodate themselves to the standard of the times, and that ·to-day the law conforms to a higher standard of dealing than that in vogue in former days.

Under the facts recited above, the trial court did not err in holding that, under ·the ·undisputed testimony, an implied warranty arose in favor of the defendants.

[4] Complaint is also made that the verdict as to the value of the line was arbitrarily arrived at, and has no substantial basis in the proof. This contention cannot be sustained. The proof showed that the line was brittle and would break almost every time the tools were lowered into the hole, entailing costly fishing jobs and danger of loss of the well, and finally, from breaking, became too short for further use and had to be cast aside; that ·it·was used in drilling only 800 feet, when it should have gone 4,500 feet. The jury was warranted under the evidence in finding that its value was practically one-fifth of what it should have been.

The assignments are overruled, and judgment is affirmed.