## TURNER & CLAYTON, Inc., v. SHACKELFORD. (No. 723–4646.)

(Commission of Appeals of Texas, Section B. Dec. 15, 1926.)

1. **Appeal and error ⬤➡987(1)—Reversing of judgment for insufficiency of evidence of implied warranty of derricks, for which note sued on was given, held within province of Court of Civil Appeals.**

Court of Civil Appeals *held* within its province in reversing judgment for defendant on cross-action for expenses of repairing oil derricks, for which note sued on was given, for insufficiency of evidence of implied warranty of fitness and sufficient strength for pulling casing.

2. **Sales ⬤➡273(1)—There is implied warranty that article sold is suitable for intended purpose.**

There is implied warranty that article sold for special use is suitable for such intended purpose.

3. **Appeal and error ⬤➡1175(5)—Where evidence raised presumption of implied warranty of fitness, rendition of judgment for seller on reversal of judgment for purchaser on cross-action was error.**

Where it was undisputed that plaintiff was an experienced builder of oil derricks and knew that derricks, for which note sued on was given, were to be used in pulling casing, there was a presumption of implied warranty for pulling casing which would become conclusive, in absence of rebutting or overcoming evidence, and Court of Civil Appeals erred in rendering judgment for plaintiff, instead of remanding cause for new trial, on reversing judgment for

defendant on cross-action for insufficiency of evidence of implied warranty.

**4. Appeal and error ⬥1082(1)—Existence of any evidence of fact requiring remand for new trial on reversal must be determined solely from testimony affirmatively tending to show it.**

On review of Court of Civil Appeals' judgment for plaintiff on reversal of judgment for defendant on cross-action for expense of repairing derricks, for which note sued on was given, for insufficiency of evidence of implied warranty for pulling casing, question whether there was any evidence of such warranty requiring new trial must be determined solely from testimony tending to show it, completely ignoring testimony to contrary.

**5. Appeal and error ⬥1012(1)—Whether presumption of implied warranty was overcome is question of weight and sufficiency of evidence for trial court.**

Whether prima facie case of implied warranty of derricks for pulling casing was overcome is peculiarly a question of weight and sufficiency of evidence for trial court.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Joe H. Shackelford against Turner & Clayton, Incorporated, which filed a cross-action. The judgment for defendant on its cross-action was reversed, and judgment rendered for plaintiff, by Court of Civil Appeals (283 S. W. 546), and defendant brings error. Judgments reversed, and cause remanded to trial court for a new trial.

Turner, Seaberry & Springer, of Eastland, for plaintiff in error.

Grisham Bros., of Eastland, for defendant in error.

SPEER, J. This suit was brought by defendant in error against plaintiff in error, a corporation, to recover the sum of $892.80, the balance due upon a promissory note executed and delivered by the defendant to the plaintiff.

The defendant pleaded a failure of consideration, alleging that the note was given for a part of the agreed price for constructing two derricks on oil leases owned by it; that in the contract the plaintiff had expressly or impliedly warranted that the two derricks when completed would be capable of doing the work for which they were constructed, a part of which was the pulling of casing in oil wells; that, during the time two wells were being drilled, and while pulling the pipe and casing from the holes, and without fault on its part, the derricks in each of said wells "pulled in" (that is, collapsed and fell) while being so used; that the collapse in each instance was the direct and proximate result of faulty material used contrary to the contract; that, in order to repair the derricks and make them serviceable, it became necessary for the defendant to furnish additional material and labor, stating the value of each. It prayed for the cancellation of the note, and that it have judgment by way of cross-action for the amount of its expenses in repairs.

The trial court rendered judgment for the plaintiff for the amount of his note, and for the defendant upon its cross-action resulting in a final judgment in favor of the plaintiff in the sum of $192.80. Upon appeal by the plaintiff, the Court of Civil Appeals reversed and rendered the judgment in favor of the appellant. 283 S. W. 546.

[1] There is no doubt but the Court of Civil Appeals was clearly within its province when it reversed the judgment of the trial court upon the insufficiency of the evidence as to the implied warranty pleaded. The defendant in the case relied wholly upon an implied warranty growing out of the nature of the contract, while the plaintiff introduced affirmative oral evidence that he expressly refused to warrant the derricks against pulling casing. The defendant offered no evidence contradicting this testimony other than the implied warranty which the law raises in a case of this kind. The Court of Civil Appeals held:

"The evidence clearly shows that, in making the contract for erecting the derricks, the matter arose in the conversation as to whether appellant would or would not warrant (the word 'guarantee' is used in the evidence) the derricks for pulling the casing, and that appellant expressly declined to warrant the derricks for pulling the casing; thereby giving a direct expression in words of intention to the contract that the strength or efficiency of the derricks was not warranted to pull casing. * * * We find no evidence in the record of an express or implied warranty of the derricks against pulling casing."

Of course, if these conclusions are correct, the decree of rendition is also correct, but it cannot be said there is no evidence in the record of an implied warranty of the derricks against pulling casing.

[2] It is well settled that, where an article is sold for a special use, there is an implied warranty that it is suitable for such intended purpose. In Davis v. Ferguson (Tex. Civ. App.) 255 S. W. 655, it is said:

"The general rule is that, when the purchaser discloses to the seller that the article is intended for a special use, and the seller sells it to the purchaser for that purpose and for a sound price, there is an implied warranty that the article is suitable for the purpose for which it is sold, and free from hidden defects that would impair its use for such purpose, and especially is this true where the seller is the producer or manufacturer of the article sold."

In Price v. Advance-Rumley, etc., Co. (Tex. Civ. App.) 264 S. W. 113, this familiar rule is adverted to as follows:

---

"There is an implied warranty in sales by manufacturers that article sold is fit for purpose for which it is intended."

While in Oil Well Supply Co. v. Texanna, etc., Co. (Tex. Civ. App.) 265 S. W. 203, the same court restates and applies the rule as follows:

"Where an order for a particular machine is made directly to the manufacturer or producer of it, and the order is accepted, there is an implied provision in the contract that the manufacturer of the article has a complete and intimate knowledge, not only of the process of its manufacture, but also of its merchantability, quality, and its adaptability and serviceability with reference to the particular use for which he offers to sell it. As to these matters, the purchaser does not stand upon an equality with him, and may fairly be presumed to rely upon the manufacturer's superior information. Therefore, in all such cases of purchase from the maker or producer, there is an implied warranty against any latent defects arising in the process of manufacture and not disclosed to the buyer, and also an implied warranty of adaptability, usefulness, and generally fit quality. * * * If a verbal warranty is not established, and there is no written warranty, then an implied warranty as to the adaptability of the manufactured article to the purpose for which it was ordered applies."

[3-5] There was no written contract in the present case, and no express warranty was shown. It is undisputed that defendant in error was an experienced builder of derricks and knew the uses for which these derricks were intended, and especially that they were to be used in pulling casing. So that it cannot be said there is no evidence of an implied warranty against pulling casing. The question must be determined alone from the testimony tending to show such implied warranty, completely ignoring testimony to the contrary. Eliminating from consideration, then, the testimony of defendant in error and his foreman that there was an express refusal to warrant the rigs in the respect under consideration, there is in the case the warranty which the law implies from the circumstances and is as effective as though proven in any other way. The positive testimony of defendant in error and his foreman may be abundantly sufficient to overcome the prima facie case of implied warranty, but that is at last peculiarly a question of the weight and sufficiency of the evidence. In the absence of rebutting or overcoming evidence, such presumption of fact—that is, implied warranty—would become conclusive. It cannot be said, therefore, there is no evidence in the record of a warranty of the derricks against pulling casing. It is implied, inferred, proven, because of the circumstances.

There being evidence, then, both ways upon the question, the Court of Civil Appeals exceeded its authority upon reversing the case, in proceeding to render it. It should have been remanded for another trial. Taber v. Dallas County, 101 Tex. 241, 106 S. W. 332.

We therefore recommend that the judgments of the Court of Civil Appeals and of the trial court be reversed and the cause remanded to the trial court for another trial.

CURETON, C. J. Judgment of the Court of Civil Appeals reversing the judgment of the district court and rendering judgment for the defendant in error is reversed, and the cause remanded to the district court as recommended by the Commission of Appeals.