### MALCHOFF v. AUSTIN–MORRIS CO.
#### No. 7693.

Court of Civil Appeals of Texas. Austin.
June 22, 1932.

Rehearing Denied July 13, 1932.

Critz & Woodward, of Coleman, for appellant.

R. E. Lee and Woodruff & Holloway, all of Brownwood, for appellee.

BAUGH, J.

Appellee, a corporation, sued appellant for the balance on the purchase price of a musical instrument, known and designated as an orchestrope, certain records, and a dynamo power loud speaker; and for a foreclosure of its alleged mortgage on said merchandise. Upon answers of the jury to special issues, judgment was rendered for the company against Malchoff for $1,365, and for foreclosure of its mortgage; from which he has appealed.

Appellant's first three propositions raise the issue as to whether the contract executed by appellant and sued upon was a rental contract, or a chattel mortgage. We think, undoubtedly, that it was a chattel mortgage. It was registered as such in the office of the county clerk shortly after it was executed, and was so considered by the appellee. While it recited that it was a receipt by Malchoff of the property described, and that title was retained in the company, it bound him to pay $1,288, $100 on delivery of the goods, and $54 per month, with 10 per cent. interest on past-due payments; and provided that, when the aggregate sum was paid, said property was to belong to appellant. Said instrument also designated the monthly payments as "rental" payments, and provided that default as to one should mature all of such payments. It also authorized the company in case of such default to seize and sell said merchandise at private sale, make "the balance due on said rents," including costs, charges, expenses, and attorney's fees; and to deliver the surplus, if any, to Malchoff. And that, in case the sale of such property did not satisfy such balance due, then the company was authorized to "sue and get judgment for the balance due on said merchandise. * * *" In addition to and notwithstanding the terms of the instrument, the testimony of all parties clearly shows that they considered the transaction a sale of the merchandise; and that the monthly payments, though recited as rentals, were in fact but installments due on the purchase price of the merchandise. The undisputed testimony of the parties, in addition to the terms of the contract, showed that appellant was to have title to the property when the amounts named in the contract had been paid. Under these circumstances, the instrument in question was, under the express terms of article 5489, R. S. 1925, a chattel mortgage. A contract very similar to the one before us was held to be a mortgage and subject to registration as such in Maloney v. Stowers Fur. Co. (Tex. Civ. App.) 28 S. W.(2d) 306. See, also, 9 Tex. Jur. 92; Willys-Overland Co. v. Chapman (Tex. Civ. App.) 206 S. W. 978; Terry v. Spearman (Tex. Com. App.) 259 S. W. 563.

The next proposition complains of the trial court's refusal to give the following charge requested by appellant: "Do you find that the machine in question was reasonably adapted to the purpose for which it was purchased by defendant?"

The charge given by the court was: "Did the orchestrope in controversy reasonably operate and perform the purpose for which it was sold to the plaintiff?" To which the jury answered, "No."

In response to the only other issue submitted, the jury found that such failure to so operate was due to the negligence of appellant, defendant below.

In the first issue submitted to the jury apparently the terms "to the plaintiff" were either intended to read "by the plaintiff" or "to the defendant." Neither party has referred to this discrepancy, however, and we assume that the error was inadvertent.

At first glance it would appear that the issue as submitted was sufficient to include the matter inquired about in the question requested and refused. And that, since the jury found that the failure of the machine to function properly was due to appellant's negligence, this constituted a finding, by necessary implication, against inherent defects in the machine and against unfitness for the purposes for which it was sold. While this may be true, appellant clearly had the right to have his own defense as pleaded by him affirmatively submitted to the jury. There was abundant evidence to show that during the period in question the machine did not operate properly. The amended pleadings of the parties, and the proof, clearly raised the issue as to what caused its failure to operate satisfactorily. It was appellant's contention that such failure was due to defective machinery, inadequate motor power, etc. In brief, that it was not adapted to, and was unfit for, the purposes for which it was manufactured, recommended, sold, and delivered to the defendant. The appellee contended, on the other hand, that the machine was in all respects adapted to the purposes for which it was recommended and sold to defendant; but that its failure to function properly was due to its negligent operation by defendant. Conceding that it did not operate properly, it is obvious that the charge given submitted only appellee's theory as to the failure of the machine to operate properly; and denied to appellant an affirmative submission of his defense to the suit. This he was entitled to under articles 2189, 2190, R. S. 1925. See Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, and numerous cases following the rule there announced.

There was no express warranty of fitness in the contract, and appellant's defense was predicated upon an implied warranty by ap-

pellee of fitness of the machine for the purposes for which it was sold to him. It is not necessary for us to here discuss extensively the extent and limitations of implied warranties by dealers as contrasted with those by manufacturers or producers. Originally such warranties were confined to those who manufactured or produced the articles sold, and the doctrine of "caveat emptor" was given wide application. Since the adoption in many states of the Uniform Sales Act, the distinction between the liability of a dealer who does not produce or manufacture the article sold by him and that of the manufacturer himself has been largely eliminated, and the trend of decisions, especially with reference to complicated articles of machinery of which the public generally know little, is to limit the doctrine of "caveat emptor" and to extend that of implied warranty of fitness of the article to perform the services for which it is sold. We refer for a full discussion of this subject to 55 C. J. 717, 750, 773; 24 R. C. L. 187–193; and extensive annotations in 59 A. L. R. 1180–1241. The rule as applied in this state is announced in Davis v. Ferguson Seed Farms (Tex. Civ. App.) 255 S. W. 655; Oil Well Supply Co. v. Texanna Co. (Tex. Civ. App.) 265 S. W. 203; Turner & Clayton v. Shackelford (Tex. Com. App.) 288 S. W. 815; Norvell-Wilder Hdw. Co. v. McCamey (Tex. Civ. App.) 290 S. W. 772.

■ Having concluded that the instrument involved was a chattel mortgage and entitled to registration as such, a certified copy of same was properly admitted in evidence.

■ The next contention of appellant relates to the admission of testimony that appellee company had not had any trouble with other machines of the same make sold to other purchasers. If it be conceded that the testimony was inadmissible as original evidence, absent a proper predicate therefor, and was in violation of the hearsay rule, it appears that in the instant case it was permissible in response to testimony on the same matter elicited by appellant himself in cross-examining the manager of appellee company concerning sales of these machines to others. It need not recur upon another trial.

Because of the error of the trial court in refusing to submit affirmatively the defense pleaded by appellant and on which the evidence was conflicting, the judgment of the trial court must be reversed, and the cause remanded for another trial.

Reversed and remanded.

On Motion for Rehearing.

■ Appellee in its motion for rehearing very earnestly insists that the appellant did not plead that the machine in question was unfit for and not adapted to the purposes for which it was manufactured and sold to the appellant; but that he only pleaded that it did not perform the service for which it was recommended and sold. We do not sustain this contention. We quote excerpts from the appellant's answer pertinent to this issue:

After alleging at some length the purposes for which appellant desired to purchase and use said instrument, appellant alleged that appellee's agent represented "that it would operate by electricity automatically in placing said records and in removing one record when completed and playing another; and that said machine was reasonably adapted for said purpose"; again, in another portion of the pleading, after setting out in detail the purposes for which said machine was recommended, that appellee's agents "represented that said machine was adapted, well fitted for and would perform all said purposes and uses * * * and that it was well adapted for all of said purposes"; again, "that said machine has wholly failed to do or perform any of the functions for which it was manufactured, designed, and sold and delivered to this defendant, and proved to be wholly worthless for any purpose whatever"; further, "that defendant on various occasions after said machine was so placed in his place of business, called attention of plaintiff to said defects and failure of said machine so to operate"; that, in reliance upon such recommendations, the appellant purchased the machine "believing the same would operate and perform the functions and purposes for which same was manufactured and for which it was recommended and sold by the plaintiff to the said defendant"; and again, after repairs had been attempted on said machine by the appellee, that said machine "wholly ceased to function and operate in any manner, and proved to be, as it had theretofore proved to be, wholly worthless and incapable of performing any of the functions for which same was manufactured, sold and recommended to the defendant"; and, further, that because of numerous facts alleged, "said property was wholly unfit and was useless for the purposes for which the same was sold and delivered to defendant."

From the foregoing excerpts quoted in part from the pleadings, we think the conclusion is inescapable that the appellant pleaded the unfitness of the machine and its lack of adaptability to the purposes and uses, not only for which it was recommended and sold, but for which it was manufactured.

Appellee's motion is therefore overruled.

Motion overruled.