## HOLT v. FARMER.

### No. 1601—5989.

Commission of Appeals of Texas, Section A.

Feb. 1, 1933.

Sanders & Scott, of Amarillo, for plaintiff in error.

R. H. Templeton, of Wellington, for defendant in error.

### HARVEY, J.

The plaintiff in error, D. E. Holt, brought this suit in the district court of Wheeler county, against the defendant in error, R. E. Farmer, to recover the amount alleged to be due on three promissory notes executed by Farmer. The latter resides in Collingsworth county, and this fact is alleged in the petition of the plaintiff, Holt.

The petition is silent as to where the notes are payable, and no other fact is alleged showing venue in Wheeler county. The defendant, Farmer, filed his original answer to the plaintiff's petition, and therein pleaded, in the order named: (1) General demurrer; (2) a special exception on the ground that the petition showed on its face that the defendant resided in Collingsworth county, and did not show that venue lay in Wheeler county; (3) general denial. Subsequently during the same term of court, the defendant, Farmer, filed his amended original answer in which the general exception, special exception, and general denial contained in the original answer were repeated, and these were followed by special pleas alleging payments for which he had not received credit on the notes sued on. Thereupon Farmer invoked a ruling of the trial court on the general exception and special exception contained in the amended answer. Both exceptions were overruled. The case then went to trial before a jury. The plaintiff introduced in evidence the notes sued on, and they showed on their face to be payable in Collingsworth county. When the notes had been introduced in evidence, the plaintiff, Holt, rested. Farmer then requested the court to instruct the jury to return a verdict for the defendant, on the ground that the plaintiff's petition showed on its face that the defendant resided in Collingsworth county, and the notes sued on showed on their face to be payable in that county. This request for peremptory instruction was refused and the trial proceeded. At the conclusion of the testimony in the case, the court peremptorily instructed a verdict for the plaintiff, Holt. The verdict being returned, judgment was entered accordingly. Farmer appealed and assigned error in respect of the several actions of the trial court stated above. The Court of Civil Appeals sustained the assignments of error going to the overruling of the defendant's special exception above mentioned, and to the refusal of the peremptory instruction requested by Farmer. Basing its decision on those rulings, the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause [36 S.W.(2d) 317].

For reasons to be given, the Court of Civil Appeals erroneously sustained the assignments of error it did. Although article 1995 of the Statutes provides that no person in this state shall be sued out of the county in which he has his domicile, the provision is not of a jurisdictional nature but merely gives the defendant the personal privilege to be sued in the county of his residence. This privilege must be asserted by proper pleading filed in due order of pleading, else the privilege is waived. R. S. articles 2006 and 2012.

The special exception interposed by Farmer, claiming his privilege to be sued in the county of his residence, was, in the contemplation of the prevailing rule of procedure prescribed by the Supreme Court, a dilatory plea, and should have preceded any and all pleas going to the merits of the case. Rule 7, District and County Courts; Townes, Texas Pleading, p. 517. The general exception, which preceded the special exception in the defendant's answer as filed, went to the merits of the suit, in that the sufficiency of the plaintiff's petition to show a cause of action against the defendant was thereby challenged; whereas, the special exception merely challenged the right of the plaintiff to bring his suit in Wheeler county. It follows, therefore, that the special exception was not filed in due order of pleading, and the privilege undertaken to be asserted thereby was waived. Dickson v. Scharff (Tex. Civ. App.) 142 S. W. 980; Townes, Texas Pleading, p. 351. Besides, the two exceptions contained in the defendant's answer were presumably determined by the trial court in the order pleaded, there being nothing in the record to show the contrary. For the reasons shown, the trial court properly overruled the special exception. The peremptory instruction to the jury, which was requested by Farmer, was properly refused, for the reason that in no event would the fact that venue was improperly laid constitute a defense to the notes.

The trial court committed error, however, in peremptorily instructing a verdict for the plaintiff, Holt. Because of this error, the judgment of reversal entered by the Court of Civil Appeals should remain undisturbed. There is testimony to show the following facts which, if true, would entitle the defendant, Farmer, to a credit of $600 on the notes sued on: The notes were executed by Farmer to one J. R. Edwards in the year 1920, and were transferred by the latter to Holt shortly after their execution. In the year 1922, Farmer rented to Edwards certain land, for an agreed rental of $600. Farmer did not know until long afterwards that Edwards had transferred to Holt the notes in question. In the rental contract, which was in writing, it was expressly stipulated that said rental was to be credited on said notes. Holt was present when this rental contract was made, and knew its terms. Later on, the rental was paid over by Edwards to Holt. The latter did not apply same as a credit on said notes, but did apply same on some other notes. In some respects, the testimony concerning those other notes is not entirely clear. At any rate, Holt, under the circumstances detailed, did not have the right to appropriate the $600 to the payment of any debt other than that represented by the notes in question; for Holt knew that Farmer had designated in the rental contract, as he had the right to do, the debt to which the rental for the land was to be applied.

There were other payments made to Holt, by one M. A. Wadsworth, of moneys due from the latter to Farmer. But the testimony regarding these payments is obscure in some respects; consequently in view of the probability that the testimony may be more fully developed at another trial, we shall not undertake at this time to determine whether Holt ought to have applied said payments on these notes or not.

For the reason hereinabove stated, we recommend that the judgment of the Court of Civil Appeals, reversing the trial court's judgment and remanding the cause, be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals, reversing and remanding this cause, is affirmed, as per opinion of the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.