dence believed to control this proposition. In determining such question, the inquiry is not whether there is a mere "scintilla" of evidence, but whether there is any that ought reasonably to satisfy a jury that the fact sought to be proved is established. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059. In response to issues requested by appellant, the jury acquitted appellee of contributory negligence. We are not able to say that these findings were without evidence to support them or that the evidence conclusively established contributory negligence as a matter of law. Its existence was an inference to be drawn from all the facts and circumstances in evidence, and there is, under the facts here, a question of the credibility of witnesses and the weight to be given to their testimony, concerning which the jury's findings bind us. The findings on this question are in our opinion very meagerly supported by the evidence. Without the right to pass on the weight to be given to the testimony of witnesses, we feel compelled, under the law, to overrule this assignment. Some of the cases which directly or by analogy appear to support our conclusions are as follows: Duron v. Beaumont Iron Works (Tex. Com. App.) 7 S.W.(2d) 867, 869; City of Beaumont v. Kane (Tex. Civ. App.) 33 S.W.(2d) 234; Blakesly v. Kircher (Tex. Com. App.) 41 S.W.(2d) 53; Stewart v. Schaff (Tex. Civ. App.) 269 S. W. 135; 3 Tex. Jur. § 767.

The judgment is affirmed.

R. H. Templeton, of Wellington, for appellants.

J. B. Clark, of Shamrock, for appellee.

MARTIN, Justice.

Appellees filed suit upon a promissory note. Appellants, on April 19, 1932, filed their original answer consisting of a general demurrer and denial. On April 28, 1932, they filed amended answers, consisting of a general demurrer, followed by a special answer setting up certain facts, the effect of which was to show plaintiffs' suit had been prematurely brought. It is appellees' contention that the latter was in effect a plea in abatement and not being filed in due order of pleading has been waived. Exception was sustained to same and judgment rendered for appellees. The action of the trial court in sustaining an exception to the plea mentioned is the sole law question presented by this appeal.

A plea of this nature has been held to be a plea in abatement. 1 C. J. p. 108; 1 Tex. Jur. p. 131, § 95. Such dilatory pleas are waived by filing an answer to the merits ahead of them. 1 Tex. Jur. p. 166, §§ 121, 122; Holt v. Farmer (Tex. Com. App.) 56 S.W.(2d) 633.

The judgment is affirmed.

## DIVERSION LAKE CLUB v. HEATH et al.

### No. 7765.

Court of Civil Appeals of Texas. Austin.

March 8, 1933.

Rehearing Denied March 29, 1933.

## WISCHKAEMPER et al. v. CLEMENT & WALKER.

### No. 3985.

Court of Civil Appeals of Texas. Amarillo.

March 15, 1933.

