Harold H. Young, Odessa, for appellant.

Mike R. Mason, Odessa, for appellee.

**R. A. LOONEY, Appellant,**

v.

**Floyd KNOTT, d/b/a K. & L. Motor Company, Appellee.**

**No. 5048.**

Court of Civil Appeals of Texas.

El Paso.

Dec. 1, 1954.

FRASER, Justice.

This is an appeal from the 70th Judicial District Court of Ector County, Texas. Appellee was conducting a repair shop and garage in Odessa, Texas, and had sold services and material to one O. M. Hunter to the amount of $623.88, filing suit for such account against Hunter and R. A. Looney. There is no dispute as to this amount or the account, and Hunter filed no answer. Appellant R. A. Looney filed a sworn answer denying any obligation. There were three taxicab companies in Odessa, one of which, the Safeway, was owned and operated by Hunter. Appellant Looney owned and operated the City Cab Company, and a man named McKinzie owned and operated the Yellow Cab Company. All three of the companies were in financial difficulties and were indebted to the local bank and had been unsuccessful in seeking to obtain additional funds. After several conferences including one with the banker, appellant Looney and Hunter entered into some character of agreement. Hunter as witness for the plaintiff (appellee) testified that their agreement was to the effect that they would consolidate their companies and he would have a third interest provided Looney would pay off plaintiff and other creditors, it being understood that as soon as the debts had been paid and the new cabs paid for Hunter would have a third interest in the business. There was no written memorandum of this alleged agreement. Looney denied the agreement and maintained that what actually happened

was that Hunter agreed to a friendly foreclosure on the part of the bank and surrendered his cabs in liquidation of his debt to the bank, and that Hunter went to work for him, Looney, as an employee only. There is testimony that the bankers had told the parties that if they would consolidate the bank might then advance some money for new cabs. It does appear from the testimony that after Hunter turned his secondhand cabs in to the bank they were then transferred by the bank to Looney and Looney then made a large note to the bank and was the sole obligee to the bank for the new cabs. Before the deal was consummated Hunter had owed the bank $3,709. When it was over Looney made a note to the bank for $37,886 and Looney's was the only signature on the note. Hunter in his petition claimed that Looney had assumed his debts, including the one to plaintiff.

The case was tried on one special issue, which was as follows:

"Do you find from a preponderance of the evidence that O. M. Hunter and R. A. Looney agreed that O. M. Hunter would transfer the cabs of the Safeway Cab Company in consideration of O. M. Hunter having an interest in the new cab business, and for the further consideration that such new cab company would assume the debts of Safeway Cab Company which were incurred by O. M. Hunter? Answer yes or no.

"Answer: 'Yes'."

Verdict for appellee plaintiff was written on the basis of the jury's answer to the above issue.

Appellant has based his appeal on the proposition that an oral agreement to pay the debt or default of another is not enforceable. Appellee has answered with two counterpoints stating that this is an assumption of another's debt and not a surety, and subserves the purposes of the person assuming it, and as such does not come within the statute of frauds, and makes a second counterpoint claiming that the assumption by one party for a valuable consideration of the debt due to a third person by the other party to the contract does not come within the statute of frauds, as it is an original and not a collateral obligation.

As appears from the answer to the special issue the jury has found that the new company under Looney would assume the debts of Hunter's Safeway Cab Company, and so the question remains whether this creates a situation vulnerable to the pains and penalties of the statute of frauds which precludes an individual from being liable on his oral promise to answer for the debts of another. In view of the fact that it is clearly obvious that Looney, who was in distress also, acquired substantial benefits by Hunter's agreement to go out of the taxicab business or consolidate, and that such consolidation caused the bank to be agreeable to advancing further credit, and because this consolidation virtually gave Looney a monopoly, insuring economical operation, plus the fact that Hunter had testified that he would have taken bankruptcy and fought unfriendly or forcible foreclosure unless persuaded by Looney to enter into the consolidation and friendly foreclosure, and that Looney came into possession of Hunter's permits and franchises, it seems to us that appellee's position is well taken, and that Looney was in the position of not guaranteeing or being surety for another's debt, but rather in the position of one who for a valuable consideration has assumed the debt of another, as an original obligation, and that therefore the transaction being of that nature need not be in writing to be enforceable. Housley v. Strawn Merchandise Co., Tex.Com.App., 291 S.W. 864; Bain v. Lovejoy, Tex.Com. App., 234 S.W. 1096; Bank of Garvin v. Freeman, 107 Tex. 523, 181 S.W. 187; Southern Surety Co. v. Solomon, Tex.Civ. App., 4 S.W.2d 599; Allen v. Traylor, Tex. Com.App., 212 S.W. 945; Southwestern Graphite Co. v. Burnet Nat. Bank, Tex. Civ.App., 255 S.W. 676; 37 C.J.S., Frauds, Statute of, § 21, p. 529; § 12, p. 520; § 285, p. 818; 10 Tex.Jur. Sec. 278, p. 478; 12 Am.Jur. Sec. 27, pp. 829, 830.

Appellant's point is overruled, and the decision of the trial court affirmed.

HAMILTON, C. J., not sitting.