**CRAFTSMAN GLASS, INC.**

v.

**W. H. CATHEY et al., D/B/A Cathey-Fullingim Hardware Company.**

No. 7089.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 30, 1961.

Rehearing Denied Dec. 4, 1961.

Underwood, Wilson, Sutton Heare & Berry, Amarillo, for appellant.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellees.

DENTON, Chief Justice.

Appellant brought suit against appellees to recover damages incurred when a chain repair link broke and caused a quantity of glass being hoisted by the chain to fall and break. Appellant based its cause of action on an alleged breach of express and implied warranties of the suitability or fitness of a chain repair link or connecting link sold to appellant by appellees. The case was submitted to a jury. Based on the jury's answers to the special issues submitted, the trial court entered a judgment that appellant take nothing.

Charles Marsh, general manager of appellant company along with one of his employees, went to appellees' hardware store for the purpose of purchasing some chain, hooks, and links which were needed to install a hoist or lift. Marsh related to Mr. Wirtz, the sales clerk, the purpose for which the articles were to be used, and after selecting the chain asked for some "D links" or "cold shuts" which are chain repair links used to connect the chain. Although the appellees had that particular type of chain links in stock, Wirtz suggested another type of link to be used in the hoist. There is some dispute as to whether or not Marsh told Wirtz how much weight the hoist would be required to lift, but Wirtz admitted he was told the hoist was to be used for the purpose of lifting "quite a bit of weight." In response to Marsh's statement regarding the chain links, "Are you sure these won't break?" Wirtz testified he replied, "Well, it is recommended to hold a weight of an equal size chain." Marsh purchased the type of chain link recommended by Wirtz rather than the type he originally requested. It is undisputed that the link broke on the first occasion the hoist was used to lift glass, resulting in approximately 920 square feet of glass being broken. It is the damage to this amount of glass together with alleged related damages that the appellant is here suing for. There was no testimony that any other part of the chain or hoist broke or snapped on the occasion in question.

In response to the special issues submitted, the material jury's findings were: that appellees' salesman had notice of the use to which appellant was to put the connecting link; that it was represented the link was suitable for the purpose for which it was to be used; that the link was not suitable for the purpose for which it was used; and that the link purchased was not as good as the link originally requested by Marsh.

After assessing damages in three separate issues, the jury found that Wirtz was not authorized by his employer, the appellees herein, to make any warranties to appellant in regard to the link in question. Undoubtedly the trial court entered its judgment de-denying appellant recovery on the strength of the jury's answer to the last special issue concerning Wirtz's lack of authority to make any warranties.

■ It is well settled in this State that where an article is sold for a particular use there is an implied warranty that it is suitable for such a use. Turner & Clayton v. Shackelford (Tex.Com.App.) 288 S.W. 815; Norvell-Wilder Hardware Co. v. McCamey, Tex.Civ.App., 290 S.W. 772 (writ dismissed); Bedner v. Dunigan Tool & Supply Co., 142 Tex. 663, 180 S.W.2d 919, 920. The Supreme Court in the Bedner case approved the following test to be applied in these cases:

"The recognized test of an implied warranty of suitableness for the particular purpose for which purchased is 'whether the buyer informed the seller of the circumstances and conditions which necessitated his purchase of a certain general character of article and left it to the seller to select the particular kind suitable * * * for the buyer's use.' "

■ It is admitted that the appellees' employee knew of the appellant's intended use of the chain and link. After being informed of the purpose for which the chain and link was to be used, Wirtz suggested and recommended a connecting link other than the type requested by Marsh. Upon this suggestion and recommendation, Marsh purchased the link recommended by Wirtz. Under these facts and circumstances, we are of the opinion an implied warranty of suitability of the connecting link arose. The jury's finding that the link was in fact unsuitable is supported by the evidence. We are therefore of the opinion the trial court erred in entering a judgment which failed to recognize this implied warranty.

■ In view of this holding, we are of the opinion the jury's finding that Wirtz was not authorized to make any warranties cannot effect or remove this implied warranty of suitability. Clearly the agent was clothed with implied authority to do what was reasonably necessary and proper to carry out his job to sell his employers' merchandise to prospective customers. Although we are of the opinion the evidence supports the proposition that appellees, through their agent, made an express warranty of suitability or fitness for a particular purpose, we do not deem such a conclusion necessary for the disposition of this case.

The jury found the reasonable value of the glass which was broken when the connecting link in question snapped was $621.-00; that appellant was damaged when additional glass had to be purchased for a specific job previously contracted for and that glass valued at $223.00 was wasted in cutting it to proper size; and that $32.00 was expended by appellant in cleaning up the debris.

■ It is well settled that the buyer of goods can recover damages sustained as a necessary and usual result of a breach of warranty, and in addition thereto he can recover such consequential damages as his seller should have contemplated as a probable result of the breach of warranty. Rumely Products Co. v. Moss, Tex.Civ. App., 175 S.W. 1084; De Kalb Hybrid Seed Co. v. Agee, Tex.Civ.App., 293 S.W.2d 64 (error refused n. r. e.); St. Mary's Oil Engine Co. v. Allen-Morrow Co., Tex.Civ. App., 20 S.W.2d 266 (no writ history).

■ Appellant's pleadings and the evidence are sufficient to support the separate items of damages found by the jury, but we think the trial court erred in the manner these damage issues were submitted. Whether or not the damages were such that the seller should ·have contemplated them as a probable result of a breach of warranty is a question of fact to be determined by the jury. Because of the failure

of the trial court to so instruct the jury in connection with the damage issues, we are of the opinion the cause must be remanded.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

On Motion for Rehearing.

PER CURIAM.

In its motion for rehearing, appellant offers to remit all damages except the amount of $621.00 which the jury found to be the value of the glass broken when the chain hoist snapped. It is appellant's contention that upon its offer to remit the other damages this Court should reverse and render the case in behalf of the appellant for the amount of $621.00 and costs of court. Contrary to appellant's contention we do not think appellant was entitled to the $621.-00 damages as a matter of law.

■■ We are aware of the authority of this Court to render a judgment in cases where severable items of damages are conceded to have been erroneously submitted, and followed by the conceding party's offer of remittitur. However, the facts and circumstances peculiar to this case do not bring this rule into effect. We remain convinced that all items of damages in this case should have been submitted under proper instructions in accordance with the original opinion.

The fact the pleadings and evidence supported the jury's finding that appellee had notice of the use to which appellant was to put the connecting link goes to the question of the implied warranty rather than to the foreseeability of probable damage to glass that was to be handled by appellant.

In addition it appears from the record that the case was not fully developed in the previous trial.

Appellant's motion for rehearing is accordingly overruled.