**GEIGY CHEMICAL CORPORATION,**
**Appellant,**

v.

**Richard E. HALL, Appellee.**

**No. 7994.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 24, 1969.

Rehearing Denied Jan. 5, 1970.

Evans, Pharr, Trout & Jones and John A. Flygare, Lubbock, for appellant.

Lemon, Close & Atkinson and G. R. Close, Perryton, for appellee.

NORTHCUTT, Justice.

This is a venue case. The plaintiff, Richard E. Hall, a resident of Ochiltree County, Texas, was farming 180 acres in Ochiltree County, Texas, as a tenant and purchased some Atrazine 80W, a postemergency herbicide manufactured by Geigy Chemical Corporation, from Perryton Equity Exchange, a cooperative in Ochiltree County, Texas. Appellee hired Messrs. George Brown and Bob Mosier to apply the chemical to his 180-acre tract in two separate applications in the early part of June, 1968. Plaintiff filed suit against Geigy Chemical Corporation solely based on a breach of express or implied warranty claiming the product was defective and did not effectively kill the weeds on his milo crop. No acts of negligence are alleged. Recovery is sought only on the theory of breach of warranty. To retain venue in Ochiltree County the plaintiff relied upon Subdivisions 23 and 27 of Art. 1995, Vernon's Ann.Tex.Civ.St. Defendant's plea of privilege was overruled and from that order the defendant perfected this appeal.

By appellant's first and second points of error, it is contended the court erred in overruling the plea of privilege for the reason that no cause of action in warranty was shown where the undisputed evidence showed that the product was not used in accordance with the label instructions and that appellee failed to plead and prove sufficient venue facts required under Subdivision 23 and Subdivision 27 of Art. 1995 to maintain the action against appellant in Ochiltree County, Texas.

■ Appellant did not have an agent in Ochiltree County. Then the issue to be determined as to venue here is whether appellee pled and proved that a cause of action or a part thereof arose in Ochiltree County. It was incumbent upon appellee to prove that a cause of action or a part thereof arose in Ochiltree County. Amarillo Coca-Cola Bottling Co. v. Price, Tex.Civ. App., 378 S.W.2d 409 and cases there cited.

■ Herein the appellee's cause of action is based entirely on a claim of breach of warranty, that is, the allegation the product was not fit for its intended use. The question is, therefore, presented whether or not appellant, the manufacturer of the Atrazine, is bound by an implied warranty respecting its fitness. Under this record it is shown that the Atrazine, the product here in question, was manufactured by the appellant and was sold ultimately to the appellee in Ochiltree County by Perryton Equity Exchange. The question then arises, is whether the evidence is sufficient to show whether the appellant warranted that Atrazine lf properly applied was effective and would control weeds as represented. The brochure offered in evidence published by the appellant and among other statements provided:

"Attempting to control weeds by mechanical cultivation is costly in terms of time and labor. And weather conditions are often such that it's impossible to cultivate. Chemical weed control with Milogard 80W or Atrazine 80W gets the job done easily and effectively. Come rain or shine, weeds are controlled. And you have time for other jobs around the farm, too.

Milogard 80W herbicide is for pre-emergence use; apply it at planting or soon after either by airplane or ground equipment. Atrazine 80W herbicide is for pre-plant, pre-emergence, or post-emergence use, depending on the area; apply it around planting time or after sorghum emerges, but before weeds are 1½ inches high. Either chemical can give you full-season control."

The pamphlet designated as "AAtrex 80W brand of Atrazine" and attached to the package of Atrazine sold to appellee provided as follows:

"AAtrex 80W herbicide will control most annual broadleaf and grass weeds in corn, sorghum, sugarcane, pineapple, and certain other crops. It is also effective for control of most annual and many perennial broadleaf and grass weeds in noncrop areas and industrial sites. AAtrex may be applied before or after weeds emerge.

Since AAtrex acts mainly through root absorption, its effectiveness depends on rainfall or irrigation to move it into the root zone. Should weeds develop, particularly under dry or minimal moisture conditions, a shallow cultivation or rotary hoeing will generally result in better weed control."

It was appellant's contention that the directions as to the use of Atrazine provided that surfactant had to be used in the application of the Atrazine and that since that was not done in this case, that appellee could not recover for his failure to comply with the directions. Surfactant is a substance to break the wax down on a weed so that the product can enter the plant. In other words, so that the Atrazine could get into the plant to kill it.

It is admitted by appellee that surfactant was not used when the Atrazine was applied. Checking the directions as to the use of the

Atrazine, the only place where we have found that surfactant was to be used was on broadleaf weeds at least six inches high. When this Atrazine was applied there were scarcely any weeds and some were just coming out of the ground and some were 1½ inches tall. Meetings were held in Ochiltree County to educate the farmers as to the use of Atrazine and some of such meetings were conducted by appellant and appellant's agent pointing out that it was a waste of the buyer's money to use surfactant unless the weeds were all up and all big.

■ There is sufficient evidence to show appellee's crop was greatly damaged because of the weeds not being killed as represented they would be killed by the use of Atrazine. It was held by the Supreme Court in the case of O. M. Franklin Serum Co. v. C. A. Hoover & Son, 418 S.W.2d 482, that the seller of a defective product is subject to strict liability for damages caused to the property of the ultimate consumer.

It is stated in Cruz v. Ansul Chemical Co., Tex.Civ.App., 399 S.W.2d 944 (n. r. e.) as follows:

"It appears to be settled law in Texas that where an article is sold for a particular use and the seller is aware of such intended use, and where the buyer is relying on seller's superior judgment, there is an implied warranty of its soundness, and that it is suitable for such a use. 50 Tex.Jur.2d, Sales, § 159, pp. 468 et seq.; Craftsman Glass, Inc. v. Cathey, Tex.Civ. App., 351 S.W.2d 950; Adams v. Bailey Transportation Co., Tex.Civ.App., 334 S.W.2d 591; McMorries v. Clardy, Tex. Civ.App., 232 S.W.2d 167; Brown v. As-grow Seed Company of Texas, Tex.Civ. App., 379 S.W.2d 412, writ ref. n. r. e. In the event the article proves to be defective, or not suitable to the use for which seller and buyer knew it was intended, where facts exist to creat such implied warranty, the purchaser is entitled to recover damages for defects present at the time of his purchase, or sustained as a necessary and usual result of a breach of the implied warranty, and such consequential damages as the seller should have contemplated as a result of the breach of the warranty. Craftsman Glass, Inc. v. Cathey, supra."

We overrule appellant's first and second points of error.

By appellant's third and fourth assignments of error, it is contended the trial court erred in overruling appellant's plea of privilege since the undisputed evidence showed that the label on the product contained a disclaimer as to any express or implied warranty of fitness or merchantability or any other express or implied warranty and no cause of action was shown in warranty for the reason that the label advised the buyer that the product did not always kill weeds and that the buyer assumed such risk.

The manner in which this deal was originally handled is that Perryton Equity handled the Atrazine and sold the product to appellee. George Brown and Bob Mosier both work for Perryton Equity and they had a Hanson Sprayer and appellee hired them to spray the Atrazine on the weeds here in question. Mosier ordered the Atrazine to be delivered to appellee's field where it was opened and sprayed by Brown and Mosier. There is no evidence to show appellee ever saw the package of Atrazine at any time before it was applied to his crops. This is not a case based upon a contract but is a tort action. This record clearly shows that Atrazine was manufactured by appellant for the purpose of killing the weeds as represented and that appellant knew how the Atrazine was to be applied. The Atrazine was applied according to directions and damage to the crop, which was located in Ochiltree County, was shown because of the weeds not being killed.

■ Although Art. 1995 of the statutes provides that no person in the state shall be sued out of the county in which he has his

domicile, the provision is not of a jurisdictional nature but merely gives the defendant the personal privilege to be sued in the county of his residence. When the defendant files his plea of privilege and the plaintiff files his controverting plea then the issue to be determined is whether the plaintiff shows the case comes within one of the exceptions set out in Art. 1995. When the plea of privilege was filed in conformity with the statute and properly controverted by the plaintiff the court, until such pleas are properly disposed of, is without jurisdiction to enter judgment for or against either party. If appellant had answered setting up the defense that it was not liable because the label on the product contained a disclaimer as to any express or implied warranty, that would have been challenging the merits of the case and appellant would have waived its plea of privilege. Holt v. Farmer, 56 S.W.2d 633 (Com. App.).

■ When a plaintiff has pled proper venue facts, he need not anticipate defenses that may be presented by the answers which go to the merits of the case. Such defense would be surplusage as far as venue is concerned. Such evidence has no place in a venue hearing, and being incompetent evidence, it will not support judgments sustaining the plea of privilege. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810; McCoy v. First State Bank, Morton, Texas, Tex.Civ.App., 424 S.W.2d 451; Best Investment Co. v. Parkhill, Tex.Civ.App., 429 S.W.2d 531.

■ We are of the opinion, and so hold, that appellee properly pled and proved that the cause of action or a part thereof accrued in Ochiltree County as provided for under Subdivision 27 of Art. 1995, Vernon's Ann. Tex.Civ.St. and that the question as raised under appellant's points of error three and four, supra, is a matter to be determined on the trial of the merits and not on a plea of privilege and said points of error overruled. The judgment of the trial court is affirmed.