**MONSANTO COMPANY, Appellant,**

v.

**Bill THRASHER, Appellee.**

No. 8087.

Court of Civil Appeals of Texas, Amarillo.

Dec. 21, 1970.

Rehearing Denied Feb. 1, 1971.

Underwood, Wilson, Sutton, Heare & Berry and R. A. Wilson, Amarillo, for appellant.

Steed & Cook, Gene E. Steed, Perryton, for appellee.

JOY, Justice.

This is an appeal from an order overruling the plea of privilege of Monsanto Company. Affirmed.

The appellee farmed land in Ochiltree County, a part of which consisted of 90 acres of land upon which appellee planted corn. Prior to the planting of the corn appellee purchased a product manufactured and distributed by appellant under the trade name of "Lasso", a herbicide used for pre-emergence weed control. Appellee planted the corn in the spring of 1969 and applied the herbicide within a few days thereafter. Weeds and grass came up rather abundantly and appellee brought this suit for breach of express and implied warranty of fitness for the purposes for which the herbicide was sold in that he suffered damages to his corn crop by reason of the failure of the herbicide to control the weeds.

The appellant contends that venue cannot be sustained because appellee failed to state a cause of action for the recovery of or for damages to land otherwise falling under Subdivision 14 of Art. 1995, Vernon's Ann.Civ.St. We agree with appellant in that a review of appellee's pleading fails to reveal any allegations of damages to the land and venue cannot be maintained under Subdivision 14.

Appellant next asserts that appellee has failed to prove a cause of action accruing

under Subdivisions 23 and 27, Art. 1995, V.A.C.S. Both of those subdivisions provide for venue in suits against corporations, domestic and foreign, in the county where the cause of action or part thereof arose. Appellant further contends that appellee cannot recover for damages sustained by way of economic or commercial loss as opposed to damages for injuries of person or property. Further, appellant contends that the written warranty discloses a limitation of appellee's recovery right to the purchase price paid by him, which is a limitation specifically permitted by the Uniform Commercial Code and that appellee admits the purchase price has not been paid, therefore, he has no cause of action.

■ Appellant argues very ably that the suit by appellee is a suit for lost profits or a commercial loss as opposed to damages to property. The appellee herein has brought suit for damages to his corn crop by reason of the failure of the product expressly warranted being reasonably fit for the purposes for which it was intended, i. e. to control weeds. The appellee further alleges that the damage to the corn crop is measured by the difference between the value of the crop as produced with the weeds and the crop that would have been produced had the herbicide controlled the weeds as represented. We are of the opinion that is the only way that the damages to the corn crop can fairly be measured. We do not think it necessary to the decision to review the complete history of the rule of strict liability in other jurisdictions nor discuss the out of state cases urged by the appellant. The rule of strict liability has been applied against a seller of a defective product where that product has caused damage to the property of the ultimate consumer. Franklin Serum Co. v. C. A. Hoover & Son, 418 S.W.2d 482 (Tex. Sup.1967). That rule has been extended in Texas to sellers of defective products for damages caused to nonusers and nonconsumers. See Darryl v. Ford Motor Co.,

440 S.W.2d 630 (Tex.Sup.1969). Appellant cites as authority the case of John Deere Company of Kansas City v. Tenberg, 445 S.W.2d 40 (Tex.C.A. n. w. h.). The facts of that case are not analogous to this case, therefore, we do not think controlling. A case decided by this Court, Geigy Chemical Co. v. Hall, 449 S.W.2d 115 (Tex.C.A. n. w. h.) is almost on all fours with the facts here. What was said therein applies to this case also.

■ In reference to appellant's plea that the case is governed by the Uniform Commercial Code provisions and the Tenberg case, supra, we would point out that Tenberg involved a written contract of sale of a farm tractor plus the additional fact that the plaintiff therein was not contending for any damages to any specific property by reason of breach of warranty. The Supreme Court in McKisson v. Sales Affiliates, Inc., 416 S.W.2d 787 (Tex.Sup.1967) approved the rule of strict liability as set out in Sec. 402a of the American Law Institute's Restatement of the Law of Torts (2nd Edition). As we understand the rule it is a remedy separate and apart from the Uniform Commercial Code in that it covers a specific area in which the courts have apparently found the public consumer is not adequately protected by the law of sales. At any rate, the appellee has pled that the limitation of the damages and limitation as set forth on the label of the herbicide is unconscionable which raises an issue to be resolved by the trial court on the merits. Our courts have distinguished between a suit on the theory of contract and one in tort. The appellee herein has founded his action in tort.

■ We have reviewed all the authorities cited by appellant and have concluded that no error is presented. The venue is maintainable in Ochiltree County under Subdivisions 23 and 27, Art. 1995, V.A.C.S.

Affirmed.