## AVERY CO. OF TEXAS v. BARKER.

(Court of Civil Appeals of Texas. Galveston. June 29, 1922.)

**1. Sales ☞255—No privity between principal and one to whom agents sold machinery which they purchased and paid for.**

Where defendant sold and shipped machinery to dealers, who accepted and paid therefor, put it in their store, and afterwards by independent contract sold it to plaintiff, there was no privity between defendant and plaintiff, and defendant was not bound by any representations or warranties made by the dealers even though the dealers were acting generally as defendant's agents in selling machinery of the same kind.

**2. Venue ☞8—Defendant, who sold machinery to dealers who sold it to plaintiff, guilty of no fraud.**

Where defendant sold machinery to dealers, who sold it to plaintiff, no fraud was perpetrated by defendant on plaintiff so as to fix the venue under Rev. St. art. 1830, subd. 7.

**3. Venue ☞8—Fraud held committed in county where transaction of sale occurred.**

Where dealers doing business in Burleson county sold machinery in Williamson county where the entire transaction occurred, any fraud was necessarily committed there within Rev. St. art. 1830, subd. 7, relative to venue.

**4. Venue ☞22(3)—Statute as to codefendants only applies when there is real cause of action as to each defendant.**

Rev. St. art. 1830, subd. 4, relative to venue of actions against several defendants, only applies where there is a real cause of action against each of the several defendants jointly sued, and not where there is no cause of action against one defendant.

**5. Abatement and revival ☞81—Prayer for dismissal for improper joinder held a dilatory plea which should have preceded plea of privilege.**

A prayer in a plea of privilege that if it were found that defendant was an improper party and improperly joined, the suit should be dismissed as to it, if deemed a pleading at all, was dilatory in its nature, going to a mere defect in parties, and as such should properly have preceded the plea of privilege.

**6. Venue ☞32(2)—Prayer in plea of privilege for dismissal for improper joinder held not to waive the plea.**

A prayer, appended to a plea of privilege, that if it were found that defendant was an improper party and improperly joined, the suit be dismissed as to it, did not waive the plea of privilege.

Appeal from District Court, Burleson County; A. J. Alexander, Judge.

Action by Mrs. N. D. Barker against the Avery Company of Texas and others. From an order overruling a plea of privilege interposed by the defendant named, it appeals. Reversed and remanded, with instructions.

Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, for appellant.

Jesse Garrett, of Caldwell, for appellee.

GRAVES, J. The appeal at bar is from an order of the court below overruling the plea of privilege of Avery Company of Texas, a corporation, to be sued in the county of its residence, Dallas.

The material facts are: To the corporation's plea, otherwise coming in due time, form, and order, there was appended as a part of the prayer this recitation:

"And if it be found by the court, as defendant verily believes to be true, that this defendant is an improper party in said suit, and is improperly joined herein, then that said suit be dismissed as to this defendant, and that defendant have its costs."

The appellee, Mrs. Barker, filed a controverting affidavit, claiming venue against the corporation to be properly laid in Burleson county on three grounds: (1) That the cause of action—that is, a joint one against Avery Company and two residents of Burleson county, Wyatt and Giddings, to recover the purchase price and damages occasioned by sale to her of certain machinery—arose out of false representations, relied upon by her, which induced the purchase, the county where these were made or the sale accomplished not being stated; (2) that the corporation then and at the time of and prior to the purchase of the machinery by plaintiff from the defendant had an agency and representative in Burleson county; (3) that the suit was a joint one against the three defendants, Avery Company of Texas, and Wyatt and Giddings, the latter two being then and at the time of the purchase of the machinery residents of Burleson county. There was a further averment to the effect that the Avery Company, in the quoted recitation from the prayer in its plea of privilege, had thereby invoked the jurisdiction of the court as to all matters involved in the suit.

The machinery involved consisted of two motor cultivators or tractors, and when the evidence under the issue thus joined was gone into, the undisputed proof showed that Wyatt and Giddings, who reside and had their store at Caldwell in Burleson county, first on their own account bought and fully

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

paid the Avery Company of Dallas for them, then in April, 1919, took them from their salesroom at Caldwell to Mrs. Barker's farm in Williamson county and there, after tests for some days had been made by her, verbally sold and contemporaneously delivered the two machines to her for $1,850 cash; no order nor writing of any kind passing between the parties to the transaction.

There is much other testimony in the statement of facts touching the details of the deal and the nature of alleged contractual relations at the time between the Avery Company and Wyatt and Giddings, as well as concerning subsequent dealings between Wyatt and Giddings and appellee, Mrs. Barker, but in view of the situation just stated, their materiality on the question of venue of this suit in Burleson county as against appellant is not perceived.

[1] The fact that appellant sold and shipped the machinery to Wyatt and Giddings, that they accepted and paid for it at Caldwell in Burleson county, under drafts attached to bills of lading therefor, put it in their store there, and afterwards, by independent contract between themselves and Mrs. Barker, consummated in Williamson county a sale of it to her, she paying them the full purchase price in cash, stands in this record uncontroverted. This sale to Mrs. Barker was not made under or by virtue of any contract between her vendors and appellant, nor was any privity of contract in any manner affecting it shown between her and appellant. Appellant, therefore, having previously parted with all its title to the property, had no interest in the transaction in Williamson county between the appellee and Wyatt and Giddings, so was not bound by any representations or warranties they may have made her in connection with it.

While in the controverting affidavit the representations previously mentioned were that appellant "by and through its agents represented, guaranteed, and warranted that said machinery would do all the work that good teams and ordinary cultivators and planters could do, and that the same had ample and sufficient power to plant and cultivate 346 acres of cotton, and would so plant and cultivate same much cheaper than the same could be done with ordinary teams, cultivators, and planters, and in cultivating and planting said 346 acres in cotton plaintiff and her tenant would need no teams whatsoever, and defendant further represented that plaintiff would be making no experiment, as defendants knew what said machinery would do, and that it would do everything represented," there was, as before stated, no supporting proof, and this left appellant without responsibility in the matter of any sort.

[2, 3] For the same reason it could not be reasonably contended that any fraud, which under the seventh exception to article 1830 might fix the venue in the county where committed, was perpetrated by appellant upon the appellee; besides, if it had been, it must necessarily have been committed in Williamson county, where the entire transaction occurred, so venue could in no event have been laid in Burleson county on that score.

[4] Obviously, also, the claim that venue in Burleson county followed from subdivision 4 of article 1830 cannot prevail, because that exception relates to cases where there is a real cause of action against each of the several defendants jointly sued, a requisite not shown by the evidence to have been met as to appellant in this instance.

Over appellant's protest that no notice had been given it to produce the original, the court admitted in evidence a copy of a purported contract between it and its codefendants, Wyatt and Giddings, bearing date November 17, 1918, and which by its terms expired September 30, 1919, presumably offered for the purpose of showing an agency relation as existing between them from the former to the latter date with reference to the sale and handling of the Avery implements. Under the conclusion already stated it is deemed unnecessary either to determine the admissibility of this paper or to consider its terms.

Without in the least changing the effect of what has been said, it might be conceded that at the time of Mrs. Barker's purchase Wyatt and Giddings were the agents of the Avery Company, and as such had the right to sell its machinery in both Burleson and Williamson counties, since under the undisputed evidence here this machinery was not sold to her under any such agency, but independently as the individual property of Wyatt and Giddings, its exclusive owners.

[5, 6] The suggestion that the foregoing recitation from the prayer in the plea of privilege had the effect of conferring jurisdiction upon the district court of Burleson county against Avery Company on the merits of the suit is, we think, devoid of merit; if it could be deemed a pleading at all, it was dilatory in its nature, going to a mere defect in parties, and as such would properly have preceded one of privilege. Townes on Texas Pleading (1901) pp. 355, 358. However, as it came after, and no objection was raised as to the due order of pleading, the plea of privilege was not thereby waived, and should have been considered first. From what has been said it follows that the plea as presented should have been sustained.

Appellant prays that a reversal of the order so entered below be had, and that as against it the trial court be directed to transfer the cause to the district court of Dallas county; that prayer has been granted, and the judgment of this court has been entered accordingly.

Reversed and remanded, with instructions.