### BAYLOR v. EASTERN SEED CO.
#### No. 11553.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 21, 1945.

Rehearing Denied Dec. 19, 1945.

W. B. Moss and John Dawson, both of Sinton, for appellant.

Keys, Holt & Head and John D. Hyde, all of Corpus Christi, for appellee.

MURRAY, Justice.

This suit was instituted by Wilson Baylor against Eastern Seed Company, seeking to recover damages alleged to have arisen as a result of the failure of defendant to deliver Babosa onion seed to him, as it had contracted to do. Plaintiff planted and properly cultivated 20 acres of onions. The seed planted were represented to be of the Babosa variety, but when fully grown were "Blue Whistlers." He alleged that if the seed had been of the Babosa variety, as represented, the crop of onions would have been worth $150 per acre, or $3,000 for the 20 acres, but that the "Blue Whistlers" were worthless.

At the close of all the evidence and after both sides had rested, defendant made a motion for an instructed verdict in general terms only, and did not state any specific grounds upon which such motion was made. The trial judge granted the motion and as a result thereof judgment was entered that plaintiff take nothing.

From that judgment Wilson Baylor has prosecuted this appeal.

Error is assigned to the action of the court in granting defendant's motion for an instructed verdict, because the motion did not state the specific grounds therefor, as is required by Rule 268, T. R. C. P. We overrule this point. Motions for instructed verdicts should always state the specific grounds therefor, as required by said Rule 268, but where a motion has been made without stating such grounds and has been sustained by the court, such action will not be held to be reversible error for the sole reason that the motion did not state the specific grounds upon which it was based. On the other hand, should the court overrule such a motion the movant would have no good cause to complain upon appeal, because he did not call the court's attention specifically to the ground or grounds upon which such motion was based. Where there are no fact issues raised by the evidence to be submitted to the jury, the court could of its own volition instruct a verdict for one of the parties. Rudco Oil & Gas Co. v. Gulf Oil Corp., Tex.Civ.App., 169 S.W.2d 791. Certainly, if the court could properly instruct a verdict of its own volition such action would not become reversible error simply because a motion which did not comply with Rule 268 was filed in the case. See also Harvey v. Elder, Tex.Civ.App., 191 S.W.2d 686. The two Federal cases cited by appellant, New York Life Ins. Co. v. Doerksen, 10 Cir., 75 F.2d 96, and Virginia-Carolina Tie & Wood Co. v. Dunbar, 4 Cir., 106 F.2d 383, are not in conflict with the conclusion stated above.

Appellant next contends that under all the evidence there were issues of fact which should have been submitted to the jury. Apparently the trial judge in granting the motion for an instructed verdict held there was no privity between appellant and appellee. It is appellant's contention that he bought the onion seed through his agent, Wayman Tewes, from appellee, Eastern Seed Company. It is appellee's contention that it sold the seed to Scull's Store at Odem, Texas, and that Scull's Store sold the seed to appellant, and thus there was no privity between appellant and appellee.

Appellant met Wayman Tewes (who was described as a clerk in Scull's Store and in another place in the evidence as manager of Scull's Store at Odem) on the streets of Odem and asked him if he knew where he could get some Babosa onion seed. The two of them went to Scull's Store and Tewes put in a call for Eastern Seed Company at Corpus Christi. He got G. Curtis Clark, general manager and sole owner of Eastern Seed Company, on the phone and asked him if he had any Babosa onion seed. Curtis told Tewes that he did and thereupon Tewes ordered fifteen pounds of the seed. He told Curtis the seed were for Wilson Baylor. The seed were shipped to Scull's Store. Tewes delivered ten pounds to Baylor at $8 per pound and took five pounds for himself. Baylor received and paid for these seed at Scull's Store. He

gave a check, but did not remember to whom he made the check payable. The seed were billed by Eastern Seed Company to Scull's Store at $7.25 per pound, thus Scull's Store made a profit of $6 on the Baylor deal.

We are of the opinion that the trial court was correct in concluding that there was no privity between Wilson Baylor and Eastern Seed Company. Tewes was a regular employee of Scull's Store and there was nothing unusual about his trying to secure for a customer merchandise which he did not have on hand at the time the customer asked for the same. There is nothing in the record to indicate to Eastern Seed Company that this order was any different from any other order which a wholesaler might receive from a retailer. Eastern Seed Company did not know Wilson Baylor, there was no line of credit existing between them. There was a line of credit existing between Eastern Seed Company and Scull's Store at Odem. The seed were billed to Scull's Store at a discount of 75 cents per pound. The fact that Tewes told Curtis that the seed were for Wilson Baylor does not change the situation. As a matter of fact, Baylor only took ten pounds of the seed and Tewes took five pounds. There is nothing to show that Tewes acted otherwise than as a representative of Scull's Store, and there is nothing to indicate that Eastern Seed Company understood anything other than that it was dealing with Scull's Store. The trial court properly instructed a verdict for appellee.

The judgment is affirmed.