**GEHL BROS. MANUFACTURING CO., a corporation, Appellant,**

**v.**

**PRICE'S PRODUCERS, INC., a Texas corporation d/b/a Price's El Paso Dairy, Appellee.**

No. 5326.

Court of Civil Appeals of Texas.

El Paso.

Dec. 31, 1958.

Rehearing Denied Jan. 28, 1959.

Pinkney Grissom, David M. Kendall, Jr., Jerry L. Buchmeyer, Dallas, Thompson, Knight, Wright & Simmons, Dallas, of counsel, for appellant.

Scott, Hulse, Marshall & Feuille, James Moore, Schuyler B. Marshall, El Paso, for appellee.

ABBOTT, Justice.

This is an appeal by Gehl Brothers Manufacturing Company, appellant herein, from an order of the district court of El Paso County, Texas overruling plea of privilege of appellant to be sued in Dallas County, Texas, where its principal place of business and agent for service were located. The facts are as follows:

R. B. Price, Jr., Vice President and Manager of appellee, plaintiff below, Price's Producers Inc., d/b/a Prices' El Paso Dairy, a Texas corporation, doing business in El Paso County, indicated to a number of El Paso retail dealers of farm equipment that he was interested in a forage harvester for use at his dairy farm. Ray Noah, owner and manager of the Tractor Implements Supply Company of El Paso, solicited the business for his company which sold farm machinery manufactured by a number of companies, one of these being appellant Gehl. Noah had at one time been a contract dealer for Gehl, but at the time in question was under no such contract. At the request of Noah, appellee Price came to Noah's place of business to discuss the purchase of the required machine, and, at that time (April of 1956) Lloyd Endsley, an employee and salesman of the Magnolia Seed Implement and Hardware Company of Dallas, made certain statements concerning the operation of the forager and displayed a motion picture produced by Gehl, appellee. It might be well to note here that Magnolia Seed Implement and Hardware Company was the exclusive wholesale distributor for Gehl products in Texas, and was also the distributor for a number of other manufacturing companies. About a month following the above described con-ference, appellee placed an order for the machine with Tractor Implement Supply Company. About the first of June 1956, appellee canceled this order, notifying Tractor Implement that because of weather conditions he did not have use for the machine. Subsequently, in November of 1956, appellee placed his second order with Tractor Implement for the machine and purchased it on November 16, 1956. Appellee began to use this machine in February 1957. Certain parts of the machine began to give trouble, and a Gehl mechanic was sent to El Paso to check the machine. A representative, Young, of Magnolia Seed, also checked the machine, as did Robb, Gehl's agent in Texas. Repairs and alterations were made to the machine, and it appears from the testimony that appellant Gehl was furnishing at least a portion of the parts and labor free of charge. On August 24, 1957 the transmission housing and cover on the machine broke and, at the request of appellee, Tractor Implement called Gehl Brothers factory to order replacement parts. The parts were delayed in transit, and appellee purchased another machine of another make. On September 3, 1957 appellee notified appellant that he was dissatisfied with the original machine and wanted to return it for credit. Appellant refused to issue credit for the machine, but did offer to send another representative to check the machine. On September 24, 1957 appellee made formal demand upon appellant for rescision of the purchase contract and return of the purchase price. Appellee filed suit in El Paso County against Gehl Brothers, not joining Tractor Implement of El Paso, the retailer, or Magnolia Seed, the distributor. Appellee asserted two causes of action: (1) requested rescision of the sales contract and return of the purchase price plus reasonable cost of repairs on grounds of, (a) fraudulent misrepresentation inducing the purchase contract; and (b) material breach of the contract by virtue of the failure of the harvester to do the work for which it was purchased. In the alternative, appellee sought damages for breach of warranty,

expressed and implied, in an amount allegedly the difference in the market value of the harvester as represented, and its actual value as delivered, plus reasonable costs of repairs.

Appellant filed a plea of privilege, alleging that it was a foreign corporation, duly organized and existing under the laws of Wisconsin, and was entitled to be sued in Dallas County, Texas, where its principal place of business and statutory agent for service were located, in compliance with Rule 86, Texas Rules of Civil Procedure. Appellee's controverting affidavit asserted that since its alleged causes of action, or parts thereof, arose or accrued in El Paso County, venue should be sustained in such county, on the basis of subdivisions 23 and 27 of Article 1995, Texas Revised Civil Statutes; and, further, that venue was also maintainable in El Paso County under subdivision 7 of that Article, since one of the grounds for rescision was the alleged fraudulent misrepresentations of Endsley (Magnolia salesman), which induced the contract.

The jury was waived and the district court overruled appellant's plea of privilege, not filing any findings of fact or conclusions of law. This is the appeal from that order.

The judgment was assailed and appellant's points of error relied on are:

1. The trial court erred in overruling of appellant's plea of privilege on the basis that appellee's cause of action, or a part thereof, arose or accrued in El Paso County within the meaning of subdivisions 23 and 27 of Article 1995, Texas Revised Civil Statutes.

(a) Appellee has no cause of action against appellant for rescision or breach of warranty because no privity of contract exists between a manufacturer of an object and the ultimate purchaser thereof.

(b) Notwithstanding the absence of privity of contract, appellee failed to prove the existence of a cause of action for either the recision or breach of warranty against appellant.

(c) Appellee's cause of action, assuming such exists, did not arise or accrue in El Paso County.

(d) Venue may not be maintained in El Paso County on the basis of subdivisions 23 and 27 of Article 1995, Tex.Rev.Civ.Stat., because such provisions are unconstitutional in that they discriminate between domestic and foreign corporations for venue purposes.

2. The trial court erred in overruling appellant's plea of privilege on the ground that appellee's cause of action was based upon fraud or defalcation occurring in El Paso County, within the meaning of subdivision 7 of Article 1995, Texas Revised Civil Statutes.

(a) Appellee failed to adduce any evidence that fraud or defalcation occurred.

(b) Appellee failed to prove that the fraud or defalcation which allegedly occurred was perpetrated by an agent or representative of appellant, or by any one for whose conduct appellant was legally responsible.

(c) Subdivision 7 is inapplicable to maintain venue in El Paso County, since the alleged fraud is not the gist of appellee's cause of action, but is merely incidental thereto.

■ This being a plea of privilege case, under the laws of the State of Texas we must begin with the premise that every person is entitled to the valuable right of being sued in the county of his residence unless there are exceptions to the rule, as set out in Article 1995, Texas Revised Civil Statutes, and this right should never be abridged except by clear and convincing proof. Clyde Yarbrough, Inc. v. Browning-Ferris Machinery Co., Tex.Civ.App.,

284 S.W.2d 225; Massey v. Jones, Tex. Civ.App., 259 S.W.2d 646; Deaton & Son v. Miller Well Servicing Co., Tex.Civ.App., 231 S.W.2d 944.

Appellee's controverting affidavit alleged that:

(1) Within the meaning of subdivision 7 of Article 1995, Tex.Rev.Civ. Rev.Civ.Stat., plaintiff's cause of action, or actions, or a part thereof, arose or accrued in El Paso County, Texas.

(2) Within the meaning of subdivision 7 of Article 1995 Tex.Rev.Civ. Stat., a material part of plaintiff's cause of action against defendant is based upon fraudulent material misrepresentations made by defendant to plaintiff in El Paso County, Texas, the same being made to induce plaintiff to enter into the contractual arrangement in El Paso County, Texas, and that plaintiff reasonably relied on and was induced by said misrepresentations, to its damage, in El Paso County, Texas, and appellee did attach a copy of his First Amended Original Petition making express reference to said First Amended Original Petition, and incorporating it in full into this controverting plea.

■ The evidence, with the exhibits attached, show that Tractor-Implement Company of El Paso paid Gehl on November 7, 1956 for the machine in question, and took delivery at Dalhart, Texas. Tractor-Implement picked up the machine on its own truck and delivered it to Price, appellee, f. o. b. El Paso. Tractor-Implement invoiced the machine to Price, and was paid on or after November 16, 1956. In our opinion the evidence shows title passed to Tractor-Implement upon payment and delivery of the machine to them. Avery Co. of Texas v. Barker, Tex.Civ.App.1922, 243 S.W. 695; Southern Methodist University v. Evans, Tex.Com.App.1938, 131 Tex. 333, 115 S.W.2d 622.

Privity of contract is an essential element of recovery in any cause of action based upon a contractual theory. The right of rescision presupposes a contract or a sale. World Fire & Marine Ins. Co. v. Puckett, Tex.Civ.App.1954, 265 S.W.2d 641 (rehearing denied.).

We find no evidence of a contract between appellant and appellee, as the sale involved was from appellant to Tractor-Implement, and, at a later date, to appellee. These facts will not support a cause of action against the appellant. General Motors Corp. v. Ewing, Tex.Civ.App.1957, 300 S. W.2d 714; Compton v. Elliott, Tex.Com. App., 126 Tex. 232, 88 S.W.2d 91.

Appellee strongly contends that because a salesman of Magnolia, distributor for Gehl, solicited this sale and made certain representations that were fraudulent, that Gehl is bound by such representations, on the theory that the salesman was appellant's agent. There is no evidence that the salesman was other than the distributor's employee and was furthering the business of his employer. It is true that he showed a motion picture of a similar machine in action, and that such film had been produced by Gehl and was owned by Gehl, but there is no evidence that such film made any misrepresentations. It is also true that the salesman stated that the machine would handle the job required of it, and he further testified that a number of similar machines in this area were doing the required job. At any rate, we do not believe that Magnolia's salesman or his statements would, under these circumstances, be binding upon appellant, as there is no evidence of probative force of apparent authority given him by appellant. Norvell-Wilder Supply Co. v. Richardson, Tex.Civ.App. 1957, 300 S.W.2d 773 (ref. n. r. e.).

Appellee relies upon United States Pipe & Foundry Co. v. City of Waco, 1937, 130 Tex. 136, 108 S.W.2d 432, and other cases in which the manufacturer joined in into the actual sale of their products. We think those cases are distinguishable from

this present case in that neither Gehl nor its agents had any contact, nor were they in any way connected, with appellee. Upon this finding, we cannot hold that this case comes under subdivisions 23 and 27, Article 1995, Vernon's Annotated Civil Statutes, as appellee's cause of action, or actions, or any part thereof, did not arise or accrue in El Paso County as against this appellant. Since a warranty by this appellant, if any, was not in evidence, it cannot be considered.

Appellee, in his controverting affidavit, also alleges that a material part of his cause of action is based on fraudulent material misrepresentations made by defendant (Gehl) to plaintiff in El Paso County, the same being made to induce plaintiff to enter into a contractual arrangement in El Paso County, and relies upon subdivision 7, Article 1995, Vernon's Annotated Civil Statutes, to maintain this cause of action in El Paso County.

Generally, a retailer or wholesaler is not such an agent or representative of a manufacturer so as to bind him contractually. Avery Co. of Texas v. Barker, supra; Liggett & Myers Tobacco Co. v. Wallace, Tex.Civ.App., 69 S.W.2d 857 at page 859 (no wr. hist.).

As we have found above that there is no privity of contract or agency connecting appellant with appellee, it cannot be contended that this appellant perpetrated any fraud in this transaction.

Believing that appellant failed to show that he was entitled to maintain his alleged cause of action in El Paso County, as against appellee's plea of privilege, the judgment of the trial court overruling the plea of privilege is reversed and rendered, and the cause is hereby transferred to one of the district courts of Dallas County, Texas, pursuant to Rule 89, Texas Rules of Civil Procedure.