**W. P. LUSE, Appellant,**

v.

**VALLEY STEEL PRODUCTS COMPANY, Appellee.**

**No. 18572.**

United States Court of Appeals
Fifth Circuit.

July 31, 1961.

James F. Parker, Beaumont, Tex., for appellant.

James D. McNicholas, Beaumont, Tex., Murray Steinberg, Richard Marx, St. Louis, Mo., for appellee.

Before JONES and BROWN, Circuit Judges, and CARSWELL, District Judge.

CARSWELL, District Judge.

In the District Court appellant Luse brought action against Transcontinental Oil Company and appellee for breach of contract. Judgment was entered against Transcontinental Oil Company but not against appellee.

Luse ordered oil well tubing of certain specifications from Transcontinental, which, in turn, ordered the tubing from Valley Steel, specifying that the tubing be shipped to Transcontinental c/o Luse. When the tubing arrived, Luse found that some of it did not meet the specifications of his order. He used a portion of the tubing and sold the rest at a loss, in mitigation of damages.

■ The sole question is whether or not the sale of the tubing was from Valley Steel through Transcontinental, as agent, or whether the sale to Luse was a separate and distinct transaction. The District Court found that there were two separate transactions, one between Transcontinental and Luse, and one between Transcontinental and Valley Steel, and that Luse had no direct dealings with Valley Steel at any time.

Luse contends that the District Court erred in failing to hold that Valley Steel was liable to him in damages for breach of contract or warranty.

The complaint alleges breach of contract for which appellant seeks to hold both appellee and Transcontinental liable; but the complaint does not allege and the evidence does not show any contract between Luse and Valley Steel. To the contrary, it is clear that one contract was entered into between Luse and Transcontinental, and that Transcontinental then entered into a separate transaction to purchase the tubing from Valley Steel. Nothing more can be made of these relationships.

■ There being jurisdiction based on diversity of citizenship between the litigants here, the Federal District Court under Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, is bound by the law of the place where the Federal District Court is sitting. This includes the conflict of laws rules. Klaxon v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Teas v. Kimball, 5 Cir., 1958, 257 F.2d 817, at page 823. The conflict of laws rule in Texas makes the law of the place where the contract is to be consummated the law to be applied. 37A Texas Jurisprudence, Section 5 at Page 95. The parties agree that the contract was to be consummated in Texas and the law of Texas is clear that a warranty will afford protection to the person to whom it is given, that is, the buyer, and to him only. Talley v. Beever & Hindes, 1903, 33 Tex. Civ.App. 675, 78 S.W. 23.

> "It is 'the prevailing rule that the mere resale of a warranted article does not give the subpurchaser a right to sue the original seller for damages caused by defects either in the title or quality of the goods. * * *' "

Brown v. Howard, Tex.Civ.App.1955, 285 S.W.2d 752, 754. See also 46 Am.Jur., Sales Sections 306 and 307; 75 A.L.R. 2d 43, at page 46.

Finally, and we think, dispositively, the Texas courts have clearly rejected the contentions of the appellant here in Baylor v. Eastern Seed Co., Tex.Civ.App. 1945, 191 S.W.2d 689, 691, as follows:

> "We are of the opinion that the trial court was correct in concluding that there was no privity between Wilson Baylor (appellant) and Eastern Seed Company (appellee). Tewes (a salesman) was a regular employee of Scull's Store and there was nothing unusual about his trying to secure for a customer merchandise which he did not have on hand at the time the customer asked for the same. There is nothing in the record to indicate to Eastern

Seed Company that this order was any different from any other order which a wholesaler might receive from a retailer. Eastern Seed Company did not know Wilson Baylor, there was no line of credit existing between them. There was a line of credit existing between Eastern Seed Company and Scull's Store at Odem. The seed were billed to Scull's Store at a discount of 75 cents per pound. The fact that Tewes told Curtis (Eastern Seed Company) that the seed were for Wilson Baylor does not change the situation. * * * There is nothing to show that Tewes acted otherwise than as a representative of Scull's Store, and there is nothing to indicate that Eastern Seed Company understood anything other than that it was dealing with Scull's Store. * * * "

The District Court was correct in applying this standard to Luse and Valley Steel.

■■ The remaining contention of appellant is that 49 U.S.C.A. § 114,[1] gave him protection of warranty by virtue of bill of lading passing from Valley Steel to "Transcontinental c/o Luse." This is without merit. Section 114 presupposes a contract between the parties and does not create warranties where warranties did not exist previously. Authorities cited by appellant have to do with construction of rights under contractual relationship with resulting warranty, and do not extend the provisions of the act to other relationships.

The judgment of the District Court is, therefore,

Affirmed.

1. "A person who negotiates or transfers for value a bill by indorsement or delivery, unless a contrary intention appears, warrants—

"(a) That the bill is genuine;

"(b) That he has a legal right to transfer it;

"(c) That he has knowledge of no fact which would impair the validity or worth of the bill;

"(d) That he has a right to transfer the title to the goods, and that the goods are merchantable or fit for a particular purpose whenever such warranties would have been implied if the contract of the parties had been to transfer without a bill the goods represented thereby." Title 49 U.S.C.A. § 114.