**INDUSTRIAS VELASCO, S.A.**

v.

**APPLIED POWER EQUIPMENT AND MANUFACTURING COMPANY and Allis-Chalmers Manufacturing Co.**

Civ. A. No. 2121.

United States District Court
S. D. Texas,
Corpus Christi Division.

March 26, 1964.

Rankin, Kern, Martinez & de la Garza, Ramiro B. Martinez and H. H. Rankin, Jr., McAllen, Tex., for plaintiff.

Fischer, Wood, Burney & Nesbitt, Frank W. Nesbitt, Corpus Christi, Tex., for defendant Applied Power Equipment & Manufacturing Co.

Jack H. Reeves, Houston, Tex., for defendant Allis-Chalmers Mfg. Co.

GARZA, District Judge.

The Plaintiff, Industrias Velasco, S.A., a Mexican corporation, sent its agent, Miguel Torres, to locate in Texas a diesel engine which it needed in the operation of its cotton gin business in Los Mochis, Mexico. In April, 1960, Mr.

Torres contacted an export-import broker in McAllen, Texas, Frank Narro, who referred him to Defendant Applied Power Equipment and Manufacturing Company, hereinafter called "Applied Power", in Alice, Texas. Mr. Torres entered into negotiations with Mr. R. W. Hays, District Manager of Applied Power. The requirements of Plaintiff were discussed, as well as the fact that the sale would have to. be made through Frank Narro Export Company because of the export laws and the fact that the Defendant Allis-Chalmers Manufacturing Company had a dealer in Mexico.

Plaintiff alleges that Mr. Hays orally represented that the Allis-Chalmers diesel engine which was purchased in May, 1960, would be suitable for the use to which it would be put, and showed to Plaintiff's agent a brochure printed by Defendant Allis-Chalmers, describing the engine in question and the power it was capable of generating under various conditions.

Plaintiff alleges that the engine bought from Applied Power was wholly unsuitable, and failed to generate the power required, resulting in damages for labor and parts, as well as lost profits in its ginning operations.

The engine was purchased from Allis-Chalmers by Applied Power and was shipped by bill of lading to Narro Export Company. Mr. Narro then shipped the engine to Plaintiff in Mexico, and his invoice showed himself as seller and Plaintiff as purchaser, and further showed that he made a profit on the transaction.

Both Defendants, Applied Power and Allis-Chalmers, moved for summary judgment.

Defendant Allis-Chalmers contends that the Plaintiff never had any communications with any of its own agents, servants or employees, and that any express or implied warranty as to the fitness · of the diesel engine could not be the basis of a cause of action by the ultimate consumer where· no privity of contract is shown to exist.

In Gehl Bros. Manufacturing Co. v. Price's Producers, Inc., Tex.Civ.App.El Paso, 1958, 319 S.W.2d 955, at page 958 (no writ hist.), the court held:

"Privity of contract is an essential element of recovery in any cause of action based upon a contractual theory."

"Generally, a retailer or wholesaler is not such an agent or representative of a manufacturer so as to bind him contractually."—Same case, at p. 959.

In Brown v. Howard, Tex.Civ.App. San Antonio, 1955, 285 S.W.2d 752, at page 754 (ref. NRE):

"It is 'the prevailing rule that the mere resale of a warranted article does not give the subpurchaser a right to sue the original seller for damages caused by defects either in the title or quality of the goods.' "

The above language was applied in Luse v. Valley Steel Products Co., 5th Cir., 1961, 293 F.2d 625.

Plaintiff relies upon United States Pipe and Foundry Co., et al. v. City of Waco, 1939, 130 Tex. 126, 108 S.W.2d 432, cert. den., 302 U.S. 749, 58 S.Ct. 266, 82 L.Ed. 579. However, in that case the manufacturer had actively entered into negotiations with the purchaser and had represented its ·product to meet all requirements. The fact that the sale was made through a contractor was held not to cut off the right of the ultimate consumer to sue a manufacturer on its warranty of fitness.

Since there exists here no privity of contract between Plaintiff and Defendant manufacturer, Allis-Chalmers, and Defendant had no knowledge of the intended use of its engine, nor did it make any representations to Plaintiff regarding such engine, Plaintiff does not state a cause of action as to this Defendant, and the motion for summary judgment of Allis-Chalmers Manufacturing Company must be granted.

Defendant Applied Power stands in a different position. Although the sale was made through a broker, the ·representa-

tions which Plaintiff alleges induced it to buy the engine in question, and which it further alleges were false, were made by the agent of this Defendant. Applied Power not only knew the use to which Plaintiff planned to put the engine, but it contacted the company which manufactured the gin to be operated, and represented to Plaintiff that the engine in question was entirely capable of producing the necessary power. There are certainly material issues of fact as to the truth of the representations made by Applied Power, and the reliance thereon by the Plaintiff.

■ Even though Plaintiff fully understood that this Defendant was not authorized to sell the engine in Mexico and that the sale had to be made through the Narro Export Company, as in United States Pipe & Foundry Co. v. City of Waco, supra, the court "may look through the form to the substance of such a situation, and proceed to judgment, not upon what it seems to be, but upon what in truth it is." (At p. 434 of 108 S.W.2d.)

The present trend of the courts is away from the narrow legalistic view of the necessity for a formal immediate privity of contract in order to sue for breach of an express or implied warranty. United States Pipe & Foundry Co. v. City of Waco, supra; 50 T.J.2d, "Sales", sec. 137.

If Defendant Applied Power voluntarily made itself a party to this transaction and gave to the Plaintiff a warranty for sufficient consideration, it should be held liable for a breach of such warranty.

The point was raised by Defendant Allis-Chalmers that the jurisdictional amount was not present in this case because the total price of the engine was less than $10,000.00 and the Plaintiff should not be allowed to recover damages for its alleged loss of profits resulting from the defective engine.

■ Defendant Applied Power has not raised the issue, but the Court should decide the question of its jurisdiction at this time.

■■ Normally, of course, the measure of damages for the delivery of defective or inferior goods is the difference between the contract price and the market or reasonable value of the goods delivered. 51 T.J.2d "Sales", sec. 464. However, "Where the purchaser knew, or had reason to know, that the goods were bought for a particular purpose, the buyer can recover such damages as, within the contemplation of the parties, would naturally and ordinarily follow from a breach of the contract in view of the particular purpose." 51 T.J.2d "Sales", sec. 459, at page 282, and cases cited.

■ Therefore, this Court cannot hold as a matter of law at this point that there is no issue of fact whether or not Plaintiff can recover loss of profits as an element of damages.

The motion for summary judgment of Defendant Allis-Chalmers will be and is hereby granted; and the motion for summary judgment of Defendant Applied Power will be and is hereby denied.