Andres CRUZ, Appellant,

v.

ANSUL CHEMICAL COMPANY et al., Appellee.

No. 146.

Court of Civil Appeals of Texas.

Corpus Christi.

Feb. 10, 1966.

Rehearing Denied March 10, 1966.

Raymond E. Ehrlich, Pharr, for appellant.

Rankin, Kern & Martinez, by Stonewall Van Wie, III, Ewers, Toothaker, Ewers, Byfield & Abbott, by O. C. Hamilton, Jr., McAllen, for appellee.

GREEN, Chief Justice.

Special exceptions filed separately by each of the two defendants to plaintiff's original petition were sustained by the trial court, and plaintiff was granted leave to amend. Plaintiff refused to amend, and the suit was ordered dismissed. From such order, plaintiff has appealed to this court.

Plaintiff alleged in his petition that on or about July 20, 1963, he purchased from defendant Murray, doing business as Murray Boat Works, in McAllen, Texas, hereinafter referred to as Murray, a fire extinguisher manufactured by defendant Ansul Chemical Company, a Wisconsin Corporation, hereinafter called Ansul, paying therefor the customary price of $15.00. Plaintiff told Murray that the fire extinguisher was to be used aboard a boat, and that he wanted one that would be adequate

to extinguish any fires that might occur on the boat. The petition proceeds to allege as follows:

"* * * through the nature of the product purchased by the Plaintiff from the Defendants, there existed and was an implied warranty that the fire extinguisher would extinguish fires and that it was fully charged with the necessary chemicals to extinguish fires. Plaintiff could not and did not test the fire extinguisher prior to August 18, 1963, and the safety pin was intact.

IV.

That on or about August 18, 1963, at about 10:00 o'clock in the morning, Plaintiff was aboard his boat in the Laguna Madre and had aboard his boat as guests seven passengers. In the course of the operation of the boat a small fire broke out aboard the said boat which fire was of such a small size that any properly operating fire extinguisher could quickly extinguish the flame. Plaintiff immediately seized the fire extinguisher as aforesaid and attempted to extinguish the flame. In spite of the efforts of Plaintiff to use the fire extinguisher, the said extinguisher failed to perform its function and no extinguishing material emitted from the fire extinguisher. Several of the passengers aboard Plaintiff's boat tried to use the fire extinguisher but they, too, were unable to cause the extinguisher to perform its function as warranted by the implied warranty above stated. The flames spread and before the boat could be propelled to the shore, the entire boat burned, sank and became totally destroyed with no hope of salvage."

The petition thereafter alleges plaintiff's damages, incurred "as a result of the breach of warranty as aforesaid."

Appellant bases his appeal from the order of the court dismissing his suit on one point of error, as follows:

*"POINT OF ERROR NO. 1*

The Court erred in sustaining Special Exceptions No. 1, No. 2 and No. 3 of the First Amended Original Answers filed by each Defendant and holding that the fire extinguisher had no causal relationship to Plaintiff's damages, and that a seller who does not manufacture and a manufacturer who does not sell directly to the consumer can not be required to respond in damages for the failure of a fire extinguisher to function properly in the absence of an express contract."

Appeal as to Defendant Ansul

Defendant Ansul, manufacturer of the fire extinguisher, by his special exceptions raised principally the proposition that the petition contained no allegations establishing any privity of contract or relationship between it and plaintiff, so that as a matter of law said defendant could not be held liable for plaintiff's damages as alleged; and that public policy would require an express contract assuming such liability, since the price charged for the thing sold, being $15.00, cannot justify the assumption that the manufacturer becomes the insurer of all property that such fire extinguisher may be kept in to extinguish fires.

In considering the sufficiency of plaintiff's allegations in his petition to show liability of Ansul, we need not speculate on whether the pleadings could have withstood attack if they had contained proper allegations for damages based upon negligence, breach of express contractual warranty, misrepresentation, or defects in an allegedly inherently dangerous instrumentality. Authorities declaring a manufacturer's liability in such instances, or in contaminated food cases, for either human consumption (Jacob E. Decker & Sons, Inc. v. Capps,

139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479) or animal consumption, where a manufacturer's tag guaranteed the analysis of the contents, (Burrus Feed Mills, Inc. v. Reeder, Tex.Civ.App., 391 S.W.2d 121, n. w. h.) do not apply to the fact situation here alleged.

Plaintiff's suit is based solely on allegations of a breach of an alleged implied warranty not involving negligence. No privity of contract existed between Plaintiff and Ansul. We feel that the present law in Texas governing the suit as against defendant Ansul is set forth in Brown v. Howard, Tex.Civ.App., 285 S.W.2d 752, writ ref. n. r. e., wherein Judge Norvell, speaking for the court, stated:

"The question posed by this appeal is whether or not the rule of 'implied warranty' set forth in Jacob E. Decker & Sons, Inc. v. Capps, 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479, has application to one formulating chemicals for use as a cattle spray. In the case cited it was held that a non-negligent processor could be held liable in damages to one injured from eating contaminated foodstuffs prepared by him, although no privity of contract between the processor and the consumer was shown. As pointed out in the opinion, the 'implied warranty' which is made the basis of liability is hardly the creature of contract but has its basis in a public policy which demands that such an obligation be imposed for the protection of the public health. This type of warranty actually sounds in tort (action upon the case) and was known to the law prior to the development of the action of assumpsit. Williston on Sales, § 195. It should not be confused with the contractual warranty, either expressed or implied, in which privity of contract is an essential element of recovery. Davis v. Ferguson, Tex.Civ.App., 255 S.W. 655, contains the generally accepted statement of the rule applying to implied contractual warranties. Turner &

Clayton, Inc. v. Shackelford, Tex. Com.App., 288 S.W. 815; Baylor v. Eastern Seed Co., Tex.Civ.App., 191 S.W.2d 689; Donelson v. Fairmont Foods Co., Tex.Civ.App., 252 S.W.2d 796; Blessington v. McCrory Stores Corp., 279 App.Div. 806, 109 N.Y.S.2d 719, affirmed 305 N.Y. 140, 111 N.E.2d 421, 37 A.L.R.2d 698."

\* \* \* \* \* \*

"No one disputes the proposition that a processor of chemical for cattle spraying purposes should be held liable for the proximate results of his negligence, but appellants by their pleadings in effect place Klauss in the position of a non-negligent manufacturer and the case must be viewed from that standpoint. In a sense then an attempt is being made to affix liability without fault. Such rules of liability have been described as onerous and require a strong public policy to support them. Race v. Krum, 222 N.Y. 410, 118 N.E. 853, 854, L.R.A.1918F, 1172. The only authority cited by appellants in support of their position, other than the Decker case, is International Milling Co. v. Jernigan, Tex. Civ.App., 191 S.W.2d 526, a plea of privilege case in which the rule was apparently extended to include animal foodstuffs. Cf. F. A. Piper Co. v. Oppenheimer, Tex.Civ.App., 158 S.W. 777; Williston on Sales, § 242. The acceptance of appellants' theory in the present case would require a further extension which is not sanctioned by any Texas case called to our attention and one we feel unauthorized to make. A careful reading of the Decker case and the authorities therein cited disclose an emphasis upon 'food for human consumption.' "

\* \* \* \* \* \*

"We feel unauthorized on the basis of the Decker case to recognize a further exception to the general rule and impose liability in this case absent

privity of contract. Baylor v. Eastern Seed Co., Tex.Civ.App., 191 S.W.2d 689.

"In our opinion, the trial judge followed the law as declared by the decided cases and his action in granting the motion for judgment non obstante veredicto is accordingly affirmed."

See also Gehl Bros. Manufacturing Co. v. Prices Producers, Inc., Tex.Civ.App., 319 S.W.2d 955; Sparks v. Chrysler Corporation, Airtemp Division, Tex.Civ.App., 353 S.W.2d 477; Western Tank & Steel Corporation v. Gandy, Tex.Civ.App., 385 S.W. 2d 406; Luse v. Valley Steel Products Company, 5th Cir., 293 F.2d 625.

As stated in American Law of Products Liability, Hursh, Vol. 1, Sec. 6:110, p. 733–734:

"Although a fairly recent Texas decision (and one not rendered by the highest Texas court) recognizes that under the modern doctrine a person who has no direct contractual relation with a manufacturer may nevertheless recover from the manufacturer for damages to property caused by the negligence of the manufacturer, in the same manner in which a remote vendee or other third person can recover for personal injuries, (Stull's Chemicals v. Davis, Tex.Civ.App., 263 S.W.2d 806) there is no definitive Texas decision which rejects the privity requirement outright, and consequently it is necessary to conclude that the requirement continues in effect in that jurisdiction. However, it is established that the Texas courts view the requirement as inapplicable in cases involving injury caused by inherently or imminently dangerous products or by unwholesome food products.

The Texas decisions also hold privity to be essential to recovery in breach of warranty actions, except where the injury in question was caused by a food product."

It is our opinion that the trial court followed the law as declared by the decided Texas cases in sustaining Ansul's special exceptions, directed at the absence of privity between plaintiff and Ansul, and in dismissing the cause as to such defendant when plaintiff declined to amend. In view of such conclusion, it is not necessary that we pass on the court's ruling as to Ansul's other special exceptions.

Appeal as to Defendant Murray

■ Defendant Murray's exceptions raised the propositions among others that there were no facts alleged in plaintiff's petition that the fire extinguisher was responsible for plaintiff's alleged damages, or which would cause Murray to be liable for the failure of the fire extinguisher to operate on the occasion in question.

The only implied warranty plead by plaintiff was "that the fire extinguisher would extinguish fires and that it was fully charged with the necessary chemicals to extinguish fires." The petition proceeds then to allege that a small fire broke out on the boat that any properly operating fire extinguisher could quickly extinguish, but that when plaintiff and his guests attempted to put out the fire with the extinguisher, they were unable to do so, and the fire eventually caused the boat to sink. There was no allegation that the extinguisher was not charged with the necessary chemicals, or that it was in any manner defective. There was nothing said as to the manner in which plaintiff or his guests used the extinguisher in their efforts to put out the fire, i. e., whether they followed any directions, or attempted to pump liquid chemicals on the fire, or whether they tried to beat out the fire, using the extinguisher as a club, or what they did with the instrument.

■ In the absence of any special exceptions, the petition may have been suf-

ficient to allege a cause of action against defendant Murray, although we are not called upon to so decide. However, the trial court has a large discretion in ruling on special exceptions, and his action in sustaining them, where he grants leave to amend, will not be disturbed on appeal in the absence of a showing of an abuse of discretion resulting in injury to appellant. Jones v. Alvin State Bank, Tex.Civ.App., 332 S.W.2d 124; Weiler v. Weiler, Tex. Civ.App., 336 S.W.2d 454; Yeatman v. Nelms, Tex.Civ.App., 345 S.W.2d 351; Southern Underwriters v. Hodges, Tex.Civ. App., 141 S.W.2d 707, writ ref.; City of Abilene v. Jones, Tex.Civ.App., 355 S.W. 2d 597; McKinney v. Flato Brothers, Inc., Tex.Civ.App., 397 S.W.2d 525.

■ The purpose of a pleading is to inform the court and the adverse party of what the pleader's contentions will be on the trial of the case, and the office of special exceptions to pleadings is to furnish the adverse party a medium by which to force clarification of and specifications in pleadings when not clear or sufficiently specific. Rules 45 & 91, Texas Rules of Civil Procedure; Texas Lime Company v. Hindman, Tex.Civ.App., 300 S.W.2d 112, aff'd, 157 Tex. 592, 305 S.W.2d 947.

■ It appears to be settled law in Texas that where an article is sold for a particular use and the seller is aware of such intended use, and where the buyer is relying on seller's superior judgment, there is an implied warranty of its soundness, and that it is suitable for such a use. 50 Tex.Jur.2d, Sales, § 159, pp. 468 et seq.; Craftsman Glass, Inc. v. Cathey, Tex.Civ. App., 351 S.W.2d 950; Adams v. Bailey Transportation Co., Tex.Civ.App., 334 S.W. 2d 591; McMorries v. Clardy, Tex.Civ. App., 232 S.W.2d 167; Brown v. Asgrow Seed Company of Texas, Tex.Civ.App., 379 S.W.2d 412, writ ref. n. r. e. In the event the article proves to be defective, or not suitable to the use for which seller and buyer knew it was intended, where facts exist to create such implied warranty, the purchaser is entitled to recover damages for defects present at the time of his purchase, or sustained as a necessary and usual result of a breach of the implied warranty, and such consequential damages as the seller should have contemplated as a result of the breach of the warranty. Craftsman Glass, Inc. v. Cathey, supra.

Plaintiff did not allege such an implied warranty. His allegation of an implied warranty "that the fire extinguisher would extinguish fires" with no modifying language would suggest that the object bought would automatically extinguish fires; not that it would do so if properly used for that purpose. He does not allege that it was used in the manner that such a fire extinguisher should have been used to put out a fire, or that his damages were proximately caused by a defect in the extinguisher which prevented it, when properly used, from putting out the fire on the boat. There was no allegation of any breach by either defendant of an implied warranty of soundness, and no allegation that the object sold was not suitable for the particular use for which it was purchased.

We believe the trial court did not abuse his discretion when he sustained the exceptions heretofore mentioned. We feel that such exceptions, though perhaps somewhat general, were sufficient to call to plaintiff's attention the defects in his petition. Rule 91, T.R.C.P. Plaintiff was not harmed by the action of the trial court in sustaining the special exceptions; his injury, if any, was caused by his refusal to amend his petition to allege the warranty which the law does imply in such sales, and to make proper allegations of the manner in which the fire extinguisher failed, of the breach of the warranty, and of his damages.

Plaintiff's point of error is overruled.

The judgment is affirmed.